(92 App. Div. 529.)

## FARRELLY v. EMIGRANT INDUSTRIAL SAV. BANK et al.

(Supreme Court, Appellate Division, First Department.   March 18, 1904.)

**1. SAVINGS BANKS—JOINT OWNERSHIP OF DEPOSIT—RIGHTS OF SURVIVOR.**

Where two persons own jointly a deposit in a savings bank, the survivor becomes vested with the ownership of the entire fund.

**2. SAME—POSSESSION OF PASSBOOK.**

Where a savings bank deposit is in joint names, and the intent appears to create a joint tenancy, the survivor takes title to the entire fund, irrespective of whether he ever had any possession of the passbook.

**3. SAME—CREATION OF JOINT TENANCY—EVIDENCE.**

Where a mother, who had a deposit in a savings bank to her credit, caused the account to be so changed as to read, "In account with S. or son F.," and shortly before her death she delivered the book to a third person, telling her to keep it for the son, the facts sufficiently showed that the mother intended to make the son a joint owner in the account.

**4. SAME—SURVIVORSHIP—EVIDENCE.**

On an issue as to whether a son, who had been a joint owner with his mother in a savings bank deposit, had survived the mother, evidence *held* insufficient to show such survivorship.

Appeal from Special Term.

Action by Thomas Farrelly, as temporary administrator of the estate of Frank J. Smith, deceased, against the Emigrant Industrial Savings Bank and another.   From a judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lawrence E. Brown, for appellant.

James J. Fitzgerald, for respondents.

HATCH, J.   This action was brought to determine the ownership of a fund deposited in the defendant savings bank by Margaret Smith. The account appears to have been opened in her name on the 13th day of October, 1874, upon which date a deposit was made of $1,900, and a passbook issued to her.   She thereafter appears to have made deposits in various amounts in the account down to about July 24, 1880, when the passbook was changed at her instance so as to read, "In account with Margaret Smith or son Frank J."   Several deposits were made thereafter, the last of which was under date of January 6, 1886. The amount of the account upon the 7th day of October, 1903, the date of the trial, was $3,763.49.   Margaret Smith, at the time of opening the deposit, was a widow.   Her only child was Frank J. Smith.   His father died during the early infancy of the son.   Many years after the death of her husband Margaret Smith married the defendant Patrick Reilly, with whom she continued to live down to the date of her death, which occurred on the 17th day of April, 1886.   At the time of her death the whereabouts of her son Frank J. Smith were unknown, and whether he was alive or dead at that time is not made to appear in this record.   A short time prior to the death of Margaret Smith Reilly ·

¶ 1. See Joint Tenancy, vol. 29, Cent. Dig. § 4.

she gave the passbook to her sister Ellen Bannon, with the direction that she keep the same "for Frank, and if her son came back to give it to him." Subsequently Mrs. Bannon, who has since become and now is hopelessly insane, gave the book to a cousin, who was the wife of Patrick Reilly, but who was not the defendant Reilly, although of the same name. Mrs. Reilly retained the book for some time, and then gave it to her husband. He kept it for many years, when he was directed by the Surrogate's Court to deliver it to the defendant administrator of Margaret Smith Reilly, deceased.

The plaintiff seeks to sustain his right to the fund upon the theory of a gift inter vivos from Margaret Smith Reilly, the mother, to the son Frank J. Smith. The court below held and it may be that the evidence was insufficient to support the action upon the theory of a gift inter vivos. Mack v. Mechanics' & Farmers' Savings Bank, 50 Hun, 477, 3 N. Y. Supp. 441.

There is some authority for holding that the change in the form of deposit by which the son was enabled to draw equally with the mother is evidence of an intent upon the part of the mother to constitute the son a joint owner with her in the fund. Whether the deposit, standing alone, disassociated from any other fact, would have such effect, it is not necessary for us now to determine, and we express no opinion thereon. Taking into consideration, however, the form of the deposit, the delivery of the book, with directions to deliver to the son, it would clearly authorize the court to find that it was the intent upon the part of the mother to vest in the son a joint ownership with her of the money, and, being vested with such ownership, the survivor would take the whole. McElroy v. National Savings Bank, 8 App. Div. 192, 40 N. Y. Supp. 340; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9; Mack v. Farmers' & Mechanics' Savings Bank, supra. Matter of Bolin, 136 N. Y. 177, 32 N. E. 626, is not in conflict with this view. That decision is to be limited to the particular facts upon which it was based. All it decides is that, under the circumstances which were made to appear therein, the only purpose of depositing in the name of both was for matter of convenience, and, such fact appearing, it was held to destroy the force and effect of the deposit in the joint names as constituting a joint tenancy. Where, however, the deposit is in joint names, and the intent appears to create the joint tenancy, its effect is to vest title to the whole fund in the survivor; and under such circumstances, whether the book be delivered to the survivor or not, or whether he ever has had it in his possession during the lifetime of his joint owner, is not of consequence, as the intent existing to create the relation of a joint tenancy title vested in the survivor eo instanti upon the death of the joint owner, and no delivery of anything is necessary to effectuate such result. We think there can be little doubt in the present case but that the intent of the mother was to make her son joint owner with her in the fund, in consequence of which he took immediate title if he survived the mother. It became, however, incumbent upon the plaintiff to show such survivorship, and in this he failed. The only proof given upon the subject was that the son Frank J. Smith visited his mother about ten years before she died. In 1881 she received a letter from him from Denver, in Colorado, as we as-

sume. So far as it is made to appear, all trace of him since that time has been lost. The mother did not die until the 17th day of April, 1886. There is no evidence showing that upon that date Frank J. Smith was alive; consequently it is not made to appear that he was the survivor of his mother, and therefore the plaintiff shows no title in himself to this fund.

It follows that the judgment was correct, and it should therefore be affirmed, with costs. All concur.