contract made between Brill and the lodge must be indisputable. They are the ultimate beneficiaries, and, consequently, must have the right to enforce and sue upon the contract. To require payment first to the defendant, and then by him to the plaintiffs, would be ridiculous, since the result would be the same.

The plaintiffs' contentions, consequently, are upheld, and their right to the fund deposited judicially asserted.

Judgment accordingly.

---

(75 Misc. Rep. 57.)

## In re LOEWI'S ESTATE.

(Surrogate's Court, New York County. December, 1911.)

1. TAXATION (§ 879*)—TRANSFER TAX—EXEMPTIONS—GIFTS.

In proceedings to assess a transfer tax, the court will require on the part of the donees claiming that the property passed from the decedent to them as a gift in his lifetime, and that the transfer is not taxable, convincing proof that such gifts were made with intent to pass title and possession at the time of making them.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

2. GIFTS (§ 49*)—GIFTS INTER VIVOS—EVIDENCE.

Evidence *held* insufficient to sustain a gift inter vivos.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 95–100; Dec. Dig. § 49.*]

In the matter of the transfer tax on the estate of Valentine Loewi, deceased. From an order fixing the tax, the executor appeals. Affirmed.

Ehrich & Wheeler, for petitioner.
Thomas E. Rush, for State Comptroller.

FOWLER, S. The executors appeal from an order fixing a tax upon the estate of decedent. The decedent died in October, 1910. On or about June 1, 1900, he had a conversation with his son, Joseph Loewi, and the executors contend that because of certain words used by the decedent in this conversation he made a valid gift inter vivos of certain railroad bonds and bonds and mortgages on real estate, aggregating $311,000, to his four children. They also contend that the gift was not made in contemplation of death, but that if the court should find that the gift was made in contemplation of death, within the meaning of subdivision 4 of section 220 of the Transfer Tax Law, then the tax should be assessed at the rate prescribed by the statute in existence at the time the gift was made, and not at the rate prescribed by the statute in existence at the time of decedent's death. The transfer tax statute in existence at the time the alleged gift was made imposed a tax of 1 per cent. upon all property passing to the children of decedent, while the statute in existence at the time of decedent's death (Laws of 1910, c. 706) imposed a tax varying from 1 to 5 per cent., the rate depending upon the amount which the beneficiary received from the decedent. The appraiser found that the giv-

ing of these bonds by the decedent to his children constituted a gift intended to take effect in possession or enjoyment at or after the decedent's death within the meaning of subdivision .4 of section 220 of the Transfer Tax Law, and included their value in the taxable assets of decedent's estate. A tax was assessed upon the transfer of the property at the rate prescribed by chapter 706 of the Laws of 1910.

The first question to be determined upon this appeal is whether the decedent made a valid gift inter vivos of the bonds in question to his children. If the decedent made such a gift, it would not be taxable unless it was made in contemplation of death. Matter of Palmer, 117 App. Div. 360, 102 N. Y. Supp. 236.

[2] The only evidence contained in the appraiser's report as to the alleged gift made by the decedent on June 1, 1909, is that given by Joseph Loewi, decedent's son. He testified that on or about June 1, 1909, he had a conversation with the decedent, the substance of which was that the decedent said he was getting old and would like to give his children something; that he owned certain bonds and mortgages which were at that time in a. vault in the stock exchange building; that he directed the witness to take them out, and, if any of his children needed any of the bonds, to give them to them. The witness went to the vault the next day, took out the securities contained therein, and put them in his own vault. There is no evidence that the decedent spoke to any of his children in regard to this alleged gift, with the exception of the conversation alleged to have taken place between him and the witness, Joseph Loewi. It also appears from the testimony of this witness that the interest on the bonds was regularly paid to the decedent up to the time of his death. The decedent was 72 years of age when he made the alleged gift, and he had been suffering for about a year from the disease which finally caused his death. In proceedings of this kind, where the beneficiaries of decedent's bounty claim exemption from taxation upon the ground that the property passed to them as a gift from the decedent, the representative of the state, in endeavoring to show that the transfer of the property is taxable, labors under the disadvantage of finding it practically impossible to procure competent and disinterested witnesses to the acts and conversations by which the gift is alleged to have been consummated, as such gifts are usually made under circumstances which do not favor the presence of disinterested parties. The state, therefore, must necessarily depend upon the testimony of parties who are interested in testifying in favor of the construction which will exempt the gift from taxation. Because of these conditions the court will require on the part of the donees or beneficiaries satisfactory and convincing proof that such gifts were made inter vivos with the intent to pass title and possession at the time of the making of the alleged gift. If such evidence on the part of the beneficiaries does not show to the satisfaction of the court that all the essential requirements necessary to the validity of a gift inter vivos have been fully complied with, no presumption in favor of such gifts will be indulged in, and the property will be held to pass either as a gift in contemplation of death or intended to take effect in possession or enjoyment at or after death.

Matter of Palmer, 117 App. Div. 360, 102 N. Y. Supp. 236; Matter of Price, 62 Misc. Rep. 149, 116 N. Y. Supp. 283. The cases are uniform in holding that, in order to establish a valid gift, the evidence must show delivery by the donor of the property constituting the gift to the donee or to some one authorized to accept the gift in his behalf. Matter of Bolin, 136 N. Y. 177, 32 N. E. 626; Gegan v. Union Trust Co., 129 App. Div. 184, 113 N. Y. Supp. 595; Gannon v. McClure, 160 N. Y. 484, 55 N. E. 7, 73 Am. St. Rep. 694. Applying this rule to the matter under consideration, it would appear that there was no delivery of the bonds by Valentine Loewi to his children. The words, "Go to the vault and take them out," do not exclude every other hypothesis except an intention on the part of the donor to deliver the possession of all the bonds to the donees. They are entirely consistent with an intention on his part to have the property brought to him so that he might divide the bonds among his children. But the property was not brought to him. It was taken by the witness and placed in his own safe deposit vault without any further authority from the donor, and without acquainting the other donees of the fact that an alleged gift had been made to them. While a gift may be made to a third person for the benefit of a donee, the delivery must be made to such third person under such circumstances as will indicate that the donor relinquishes all right to the possession or control of the thing given, and intends to vest the present title in the donee. Bray v. O'Rourke, 89 App. Div. 400, 85 N. Y. Supp. 907. The language and acts of the decedent did not constitute a gift in præsenti, but was an attempt to make a gift in futuro, and such a gift is void. Gannon v. McGuire, supra. There was therefore no valid delivery of the bonds to the alleged donees, and the evidence is insufficient to show that the donor intended that the bonds in question should pass from his possession and control to that of the donees on the 1st day of June, 1909.

A gift will not be presumed. It must be established by evidence that is clear and convincing. Tompkins v. Leary, 134 App. Div. 114, 118 N. Y. Supp. 810; Devlin v. Greenwich Bank, 125 N. Y. 756, 26 N. E. 744; Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758. The interest on the bonds was paid to the decedent until the time of his death. The decedent's son, Joseph Loewi, upon being asked why he paid the interest on the bonds to his father, said: "I thought it the proper thing to do." This witness was an experienced business man, a member of a banking concern, and thoroughly versed in all the requirements of strict business dealing. If the gift had been made without restrictions or limitations, as contended by the executors, this witness must necessarily have known that it would not have been the "proper thing to do" to pay the interest to the decedent. He would have known that the donees were entitled to the interest if the gift had been a valid, irrevocable gift inter vivos. The testimony of Robert Oppenheim as to certain entries made by him in the private ledger of the decedent, which entries consisted of the names of decedent's children and the amount, $75,000, opposite each name, is entirely incompetent to prove a gift of the bonds in

question, as it appears that the witness was not employed by the decedent at the time the entries were made, and there is no evidence whatever that the decedent authorized or instructed him to make the entries. The decedent made a will by which he divided all his property among his four children. This will was duly probated. The appraiser in his report distributed the entire estate of decedent, including the bonds in question, among decedent's children in accordance with the provisions of the will. This method of distribution is also in accordance with the understanding of the executors as to the proportion in which the decedent intended by the alleged gift to divide the bonds in question among his children. It is therefore unnecessary in this proceeding to determine whether the decedent constituted his son, Joseph Loewi, a trustee of the bonds which were in the safe deposit vault, to pay the income to him during his life and upon his death to distribute the corpus among his children, as whether the property·passed to the beneficiaries by virtue of such a gift intended to take effect at or after decedent's death, or whether it passed by virtue of decedent's will, so long as the property did not pass as a valid gift inter vivos, its transfer is taxable at its full value at the date of decedent's death (Matter of Cornell, 170 N. Y. 423, 63 N. E. 445; Matter of Green, 153 N. Y. 223, 47 N. E. 292), and at the rate prescribed by the statute in existence at the date of decedent's death (Matter of Davis, 149 N. Y. 539, 44 N. E. 185). The order fixing tax will be affirmed.

Order affirmed.