ADOLPH SCHWICKERT, as Executor, etc., Plaintiff, *v.* THE SOUTH BROOKLYN SAVINGS INSTITUTION and IRVING KATZ, as Committee, etc., Defendants.

(Supreme Court, New York Special Term, December, 1913.)

Savings banks — circumstances attending making of savings bank account — intention to make an incompetent joint owner of account.

 Where, from all the circumstances attending the making of a savings bank account by plaintiff's testatrix with defendant in the name of "Frederick or Karolina Beier," it is clear that testatrix intended to make Frederick, who was her only child and an incompetent, joint owner of the account, the moneys due thereon should be directed to be paid to his committee.

ACTION of interpleader.

Deyo & Bauerdorf (Howard C. Taylor, of counsel), for plaintiff.

Leopold Spitz and E. B. Whiting, for defendants.

BLANCHARD, J. This is an action of interpleader to determine title to a savings bank account. Karolina

Beier, the plaintiff's testatrix, opened an account in July, 1890, with the Brooklyn Savings Institution in the name of "Frederick or Karolina Beier." Her deposit was for $500. She added to that sum by further deposits and occasionally drew upon the account. On July 1, 1907, there was due on the account $2,237.83, and that sum, with its increase, is the amount involved in this action. There is no controversy as to the identity of the parties, notwithstanding the discrepancy in names. The sole question to be decided is whether Karolina Beier in opening the account added Frederick's name for her own convenience merely to enable him, as her agent, to draw for her, or whether she did so for Frederick's benefit, so as to make him a joint owner. In view of all the surrounding circumstances which attended the making of the account as well as its form, I am of opinion that Karolina Beier intended to make Frederick a joint owner of the account. They were mother and son, and Frederick was her only child, and it was most natural for her to have money so placed that the son could get it in case of her incapacity for any reason to get it for him. His feebleness of mind would seem to give added strength to this view of her intention. This view of the law finds support in the decisions. *Farrelly* v. *Emigrant Ind. Sav. Bank*, 92 App. Div. 529; affd., 179 N. Y. 594. In a case similar to this and where the account was in the name of mother and son, the Appellate Division of this department says (at pp. 530, 531): "Where * * * the intent appears to create the joint tenancy, its effect is to vest title to the whole fund in the survivor." See *West* v. *McCullaugh*, 123 App. Div. 846; affd., 194 N. Y. 518; *Matter of Totten*, 179 id. 112. In line with these decisions is section 144 of the Banking Law as amended by chapter 247 of the Laws of 1907. It follows that the account belongs to August Frederick B. Beier, an

incompetent, and the South Brooklyn Savings Institution, one of the defendants, will pay the moneys due thereon to the defendant Irving Katz, as committee of said incompetent.

Judgment accordingly.