[S. F. No. 6924. Department One.—June 24, 1916.]

## JOHN E. McDOUGALD, Treasurer, etc., Respondent, v. SARA M. BOYD, as Executrix of the Will of Colin M. Boyd, Deceased, Appellant.

BANK DEPOSITS—JOINT TENANCY—RIGHT OF SURVIVORSHIP—INHERITANCE TAX.—Where a husband and wife at the time they opened two joint accounts in a bank signed an agreement with the bank to the effect that the money deposited was to be held on the understanding and condition that the same and all accumulations thereof should be payable to the husband and wife, or either of them, during their joint lives and should belong absolutely to the survivor of them, the deposits thereby became the property of the husband and wife as joint tenants, under the express declaration of section 16 of the Bank Act as it existed in 1909 (Stats. 1909, p. 90), and the wife surviving her husband did not take any interest in the deposit as his heir or successor, but by virtue of her estate originating at the time of the creation of the joint tenancy; and the imposition of an inheritance tax upon the deposits, under the inheritance tax statute as it existed in 1911 (Stats. 1911, p. 713), cannot be sustained upon the theory that they formed a part of the estate of the husband, passing upon his death to his wife.

ID.—TAX PROCEEDINGS—STRICT COMPLIANCE NECESSARY.—Tax proceedings, being in invitum, must comply strictly with all the requirements of the statute imposing them; and in order to collect a tax, the government or agency seeking to recover must show the fulfillment of all the conditions upon which the obligation to pay the tax depends.

ID.—ACT OF 1911—TRANSFER IN CONTEMPLATION OF DEATH—LACK OF CONSIDERATION NECESSARY—BURDEN OF PROOF.—The inheritance tax

statute as it existed in 1911 (Stats. 1911, p. 713) did not impose a tax, generally, upon transfers made in contemplation of death or intended to take effect in enjoyment after death, but only upon such transfers when made "without valuable and adequate consideration," and the absence of the consideration is just as essential to the obligation to pay the tax as is the contemplation of death, or the intention of the transferrer that possession or enjoyment shall be postponed until death; and the burden is on the officer seeking to recover a tax under subdivision 3 of section 1 of said act to show that there was not a valuable and adequate consideration for the transfer.

Id.—Proceeding to Collect Tax — Pleading — Failure to Allege Want of Consideration.—In a proceeding to collect an inheritance tax under the inheritance tax statute as it existed in 1911, the contention that the appellant, if she wished to raise the question, should have demurred to the petition for failure to allege a want of consideration, cannot be sustained, as the demurrer would have been of no avail, where the petition alleged that the property sought to be taxed belonged to the deceased at the time of his death, for if this allegation had been true, the tax would have accrued under subdivision 3 of section 1; nor is this objection removed by the contention that the case was tried upon the theory that there was no consideration, where it does not appear that any reference was made to the matter of consideration during the trial, or that there was any evidence specifically directed to this point. The burden of proof being on the plaintiff, defendant was not bound to offer evidence, and had a perfect right, after judgment, to insist that the facts necessary to establish a liability on her had not been alleged or proven.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

George C. Sargent, for Appellant.

U. S. Webb, Attorney-General, Albert H. Elliot, Assistant Inheritance Tax Attorney, Hartley F. Peart, and Gus L. Baraty, for Respondent.

SLOSS, J.—This proceeding was instituted by the treasurer of the city and county of San Francisco against the executrix of the will of Colin M. Boyd, deceased, to require the payment of an inheritance tax on the sum of $34,268.55, on deposit with the Savings Union Bank and Trust Company

of San Francisco. The court entered judgment requiring the executrix to pay a tax of $1,168.53. The defendant appeals from the judgment, bringing up the evidence by means of a bill of exceptions.

The petition alleges that the money on deposit was a part of the estate of the decedent at the time of his death. The answer denies the allegation, and alleges, in effect, that more than a year before the death of Colin M. Boyd he and the appellant, his wife, had opened two joint accounts in said Savings Union Bank and Trust Company, and that the money so deposited was the property described in the petition.

The court found that the decedent, at the time of his death, left the sum of $37,868.55 on deposit with the Savings Union Bank and Trust Company. It further found, in accordance with the allegations of the answer, that on February 27, 1911, something over a year before Boyd's death, said Boyd and his wife, the appellant, had opened the joint accounts mentioned in the answer; that at the time of said deposits the sums so deposited were the individual property of Colin M. Boyd; that the deposits were made by said Boyd in contemplation of his death, and were intended by him to take effect in possession and enjoyment as to the appellant herein after the death of said Colin M. Boyd.

There is no averment in the petition, nor is there any finding that the deposits, or the transfers which they constituted, were made without valuable or adequate consideration.

The findings that the money on deposit was a part of the estate of Colin M. Boyd at the time of his death; that the transfers were made in contemplation of death, and that they were intended to take effect in possession and enjoyment after the death of Colin M. Boyd, are all assailed as unsupported by the evidence.

We think it clear that the evidence does not support the finding that the sums of money remaining on deposit at the time of the death of Colin M. Boyd were a part of his estate. At the time the two joint accounts were opened, Boyd and his wife signed an agreement with the bank to the effect that the money deposited was to be held on the understanding and condition that the same and all accumulations thereof should be payable to Colin M. Boyd and Sara M. Boyd, or either of them, during their joint lives and should belong absolutely to the survivor of them. The deposits thereby became the

property of the husband and wife as joint tenants. Such is the express declaration of section 16 of the Bank Act, in force at the time of the deposits and of Boyd's death. (Stats. 1909, p. 90; see, also, *Estate of Harris,* 169 Cal. 725, [147 Pac. 967]; *Kennedy* v. *McMurray,* 169 Cal. 287, [Ann. Cas. 1916D, 515; 146 Pac. 647].) Mrs. Boyd did not take any interest in the deposits as heir of or successor to her deceased husband. She took by virtue of her estate originating at the time of creation of the joint tenancies. The imposition of the tax cannot, therefore, be sustained upon the theory that the deposits formed a part of the estate of Colin M. Boyd, passing upon his death to his wife. (*Estate of Harris,* 169 Cal. 725, [147 Pac. 967]; *Kennedy* v. *McMurray,* 169 Cal. 287, [Ann. Cas. 1916D, 515, 146 Pac. 647].) Boyd died on March 13, 1912. The inheritance tax statute then in force was the act approved April 7, 1911 (Stats. 1911, p. 713), and this act did not undertake to impose a tax on the right accruing to a surviving joint tenant upon the death of his cotenant.

The respondent seeks to sustain the tax upon the provisions of section 1 (subdivision 3) of the act of 1911, which declares that "A tax shall be and is hereby imposed upon the transfer of any property . . . in the following cases: (3) When the transfer is of property . . . by deed, grant, bargain, sale, assignment or gift, made without valuable and adequate consideration in contemplation of the death of the grantor, vendor, assignor or donor, or intended to take effect in possession or enjoyment at or after such death." The court found, as has already been stated, that the deposits in question were made in contemplation of Boyd's death and that they were intended to take effect in possession and enjoyment after his death. We need not here review the evidence in order to determine whether either of these findings has support in the evidence. Assuming that both are fully sustained, the findings do not fill the measure of the statute for want of a further finding that the transfers (or deposits) were made "without valuable and adequate consideration." No authority need be cited to support the proposition that tax proceedings, being *in invitum,* must comply strictly with all the requirements of the statute imposing them. In order to collect a tax, the government or agency seeking to recover must show the fulfillment of all of the conditions upon which the obligation to pay the tax depends. The act in question

does not impose a tax, generally, upon transfers made in con-
templation of death or intended to take effect in enjoyment
after death. It imposes a tax only upon such transfers when
made "without valuable and adequate consideration." The
absence of the consideration is just as essential to the obliga-
tion to pay the tax as is the contemplation of death or the
intention of the transferrer that possession or enjoyment shall
be postponed until death. It is plain, therefore, that the
officer seeking to recover a tax under subdivision 3 of section
1 must show that there was not a valuable and adequate con-
sideration for the transfer. For like reasons, findings which
do not declare the want of such consideration will not sup-
port a judgment declaring a tax due under this subdivision.
The rule that the burden is on a claimant to establish his
right to an exemption from taxation has no application here.
It is not a question of exemption. The statute does not as-
sume to relieve from the payment of a tax otherwise imposed
on transfers those made on a valuable and adequate consider-
ation. It imposes the tax, in the first instance, only upon
transfers made without such consideration. There may be
good reason for saying that because of the difficulties of the
case—the fact in issue being a negative and peculiarly within
the knowledge of the adverse party (see *In re Loewi's Estate*,
75 Misc. Rep. 57, [134 N. Y. Supp. 679, 680]—slight proof
would be required of the party seeking to show that there
had been no adequate consideration for the transfer. But
this does not alter the fact that the burden of proof is upon
such party, and that a finding that there was not a valuable
consideration is necessary to support a judgment declaring
the tax due.

It is said by respondent that if the appellant wished to raise
this point, she should have demurred to the petition for fail-
ure to allege a want of consideration. Such a demurrer
would, however, have been of no avail, since the petition
alleged that the property belonged to Colin M. Boyd at the
time of his death. If this allegation had been true, the re-
spondent would have been liable for the tax under provisions
of the statute other than subdivision 3 of section 1. It is
further urged that the case was tried upon the theory that
there was no consideration. We are unable to see that the
record sustains this claim. It does not appear that there was
any reference to the matter of consideration during the trial,

or that there was any evidence specifically directed to this point. If the burden of proof was on the plaintiff, the defendant was not bound to offer evidence, and she has a perfect right, after judgment, to insist that the facts necessary to establish a liability upon her part have not been alleged or proven.

The cause will, therefore, have to be remanded for a new trial. Respondent may, if so advised, apply to the court below for leave to amend his petition.

The judgment is reversed.

Shaw, J., and Lawlor, J., concurred.