AGNES SILVERBERG, EXECUTRIX, ESTATE OF JOSEPH S. SILVERBERG, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30665. Promulgated September 9, 1930.

*H. U. Brandenstein, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

SEAWELL: Whether the Commissioner, in determining the gross estate of the decedent for the purpose of Federal estate tax for 1924, should include the entire value or only one-half the value of the community property is the sole question herein involved.

The petitioner insists that *United States v. Robbins*, 269 U. S. 315, is not determinative of the question, asserting that it went no further than to hold that income derived from the community property during the life of both spouses must be returned only by the husband

and that upon the death of the husband the wife does not succeed to her interest in the community property as an heir, i. e., that her title is acquired by purchase and not by inheritance.

Mr. Justice Holmes, in delivering the opinion of the court in the *Robbins* case, *supra*, said: " We can see no sufficient reason to doubt that the settled opinion of the Supreme Court of California, at least, with reference to the time before the later statutes, is that the wife had a mere expectancy while living with her husband."

It has in a number of cases been consistently held that the community property which passes to the widow of the deceased husband in accordance with the laws of California is subject to Federal estate tax imposed upon the husband's estate. *Mary Brent, Executrix*, 6 B. T. A. 143; *Griffith Henshaw, Executor*, 12 B. T. A. 1441; affd., *Henshaw* v. *Commissioner*, 31 Fed. (2d) 946; certiorari denied, 280 U. S. 43A; and *Talcott* v. *United States*, 23 Fed. (2d) 897; certiorari denied, 277 U. S. 604. The petitioner, however, states that, in order to allay the uncertainty in the law of the State of California as to the nature of the interest of the wife in the community property, a law was enacted in April, 1927, effective July 29 of that year, upon which reliance is placed to sustain petitioner's contention.

The statute referred to is in the Civil Code of California and is as follows:

Section 161a. The respective interests of the husband and wife in community property during continuance of the marriage relation are present, existing and equal interests under the management and control of the husband as is provided in sections 172 and 172a of the Civil Code. This section shall be construed as defining the respective interests and rights of husband and wife in community property.

This section affords petitioner no relief in the instant case, as it was considered and construed in *Stewart* v. *Stewart*, 269 Pac. 439, 442, in which the Supreme Court of California said: " This section of the Code, whatever effect it may have upon community property acquired subsequent to its effective date, cannot in any manner relate to or govern the ownership of property acquired prior thereto."

The *Stewart* case, *supra*, is also cited and approved in *McKay* v. *Lauriston*, 269 Pac. 519, 520. See also *Moore* v. *Neighbours*, 273 Pac. 36.

There appears to be no uncertainty as to what the law of California is as applied to the facts of the instant case, the community property having been acquired prior to July 29, 1927. We are of the opinion, and so adjudge, that the Commissioner did not err in including the entire community property in determining the gross estate of the decedent for the purpose of the Federal estate tax.

*Judgment will be entered for the respondent.*