JACOB HELD, JR., LOUIS HELD, PAUL HELD, EDWARD HELD, ANNA SHURR, REINHOLD B. HELD, AND EUGENIA DASENBROCK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48157.   Promulgated September 16, 1930.

*Harry Friedman, Esq.,* for the petitioners.
*J. A. Lyons, Esq.,* for the respondent.

### OPINION.

BLACK: This case is submitted upon the motion of the respondent to strike from the caption of the petition all names of petitioners except that of Jacob Held, Jr., and to strike from the petition all such names, verifications by them, and copies of all deficiency notices other than the one addressed to Jacob Held, Jr. Petitioners are all children of Jacob Held, Sr., and distributees of his estate, and a tax liability of $596.21 was determined against each of them under section 280 by the respondent, resulting from the sale of certain real estate.

Instead of each petitioner filing a separate petition a joint petition in the names of all was filed alleging the same facts and errors in behalf of all, praying the same relief, and verified by or in behalf of each petitioner.

The effect of sustaining respondent's motion would be to dismiss the petition of all petitioners except Jacob Held, Jr., and leaving them without relief before this Board. Counsel for petitioners at the hearing on the motion asked leave to file separate amended petitions in the event the Board ruled that a joint petition could not be filed. A somewhat similar question was before the Board in *Bankers' Realty Syndicate*, 20 B. T. A. 612, where the petition was filed in the name of the Bankers' Realty Co. by J. W. Ackley and F. O. Patterson, partners, but the petition clearly showed that the individual partners were the real petitioners and parties in interest. It was there held that a taxpayer who has received a deficiency notice had a right to file a petition with the Board and that this right could not be defeated by an improper caption, and it was ordered that the two individuals be permitted to file amended petitions in their several names, and the motion to dismiss was overruled.

In *Percy N. Powers et al.*, 20 B. T. A. 753, the direct question arose as to the right of several persons to file a joint petition before the Board where the facts creating the liability were the same, the same questions of law were involved, and the same relief was prayed for. We there held that the rules of the Board make no provision for the filing of a joint petition, but that such petition would be accepted and each petitioner given the right to file a separate amended petition, to which should be attached his or her deficiency letter.

In conformity with those cases the motion of respondent to strike is overruled, and each petitioner is granted leave to file a separate petition which should be verified and have the deficiency notice to the petitioner attached.

Sixty days time is granted for filing of these separate petitions and respondent will be allowed the regular prescribed time to answer or take such other steps as may be allowable.