J. H. GWINN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32763. Promulgated September 30, 1930.

*Frank I. Ford, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

# 1054

SEAWELL: The applicable provisions of the Revenue Act of 1924 are contained in section 302 (e) and (h) and are as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*  \*  \*  \*  \*  \*  \*

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: *Provided*, That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: *Provided further*, That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy by the entirety by the decedent and spouse, then to the extent of one-half of the value thereof, or, where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants;

\*  \*  \*  \*  \*  \*  \*

(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

The petitioner cites and relies on the case of *In re Gurnsey's Estate*, 177 Cal. 211; 170 Pac. 402, holding that under the Civil Code of California, as at common law, the legal effect of a joint tenancy is that the title to the joint property does not pass to and vest in the survivor upon the death of the cotenant, but that each is seized of the whole estate from the first and no change occurs in his title on the death of his cotenant.

That case was cited and approved in *Carter v. English*, 15 Fed. (2d) 6, and this Board, in *Laura F. M. Doe et al., Executors*, 18 B. T. A. 427, and *Lizzie S. Mastick*, 18 B. T. A. 428, was constrained by *Carter v. English*, *supra*, to hold that property in California held by a decedent and his wife in joint tenancy since before the estate tax is not included in decedent's gross estate for estate-tax purposes.

The case of *Carter* v. *English, supra,* arose under the Revenue Act of 1916 and the said two cases before this Board arose under the Revenue Act of 1918. All were from the State of California and involved substantially the same question as that in the instant case which, however, arises under the Revenue Act of 1924. In all of the cases the joint tenancies involved were created, and the titles of the decedents whose estates were sought to be taxed were vested, prior to the enactment of the applicable revenue act, but not until the Revenue Act of 1924 was there a retroactive feature in any of the acts as regards the imposition of an estate tax in such cases.

In the instant case, the property involved and held as joint tenants by the decedent and her son, the petitioner herein, was acquired as joint tenants by them in June, 1915, each contributing equal amounts of property to the said estate in joint tenancy. However, no effort is now being made to include anything other than one-half of the value of the total estate held in joint tenancy.

The decedent died October 5, 1924, at which time the Revenue Act of 1924 was in effect, and under subdivision (h) of section 302 thereof subdivision (e) of section 302 is made specifically retroactive, which brings within the terms of the Act the value of the decedent's interest in the joint estate, regardless of when the joint tenancy was created. In the instant case the tenancy, as heretofore stated, was created in June, 1915, and the value of the decedent's interest in the jointly owned property must be included in her gross estate for purposes of the estate tax, unless the provisions of the Act, when applied to the facts in the instant case, are held unconstitutional.

The respondent, however, does not rely solely upon the specific language of section 302 (e) and (h) of the Revenue Act of 1924, but also upon the decision of the Supreme Court of the United States in *Tyler* v. *United States,* 281 U. S. 497, in which the court had before it three cases involving the liability for Federal estate-tax purposes of property held by the decedent and surviving spouse as tenants by the entirety. In all three cases the court held the property was subject to the Federal estate tax.

In the *Tyler* case, *supra,* and the other two cases decided at the same time, the court points out that the estate by the entireties was created after the passage of the act levying the tax. The court stated:

The question here, then, is, not whether there has been, in the strict sense of that word, a "transfer" of the property by the death of the decedent, or a receipt of it by right of succession, but whether the death has brought into being or ripened for the survivor, property rights of such character as to

make appropriate the imposition of a tax upon that result (which Congress may call a transfer tax, a death duty or anything else it sees fit), to be measured, in whole or in part, by the value of such rights.

The court also states that while the survivor had an estate prior to the death of the cotenant, death had the effect of passing to the survivor substantial rights in respect of the property theretofore never enjoyed. "Thus the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of the other."

It is true, in the *Tyler* and other two cases referred to, *supra*, the Supreme Court had under consideration provisions of the Revenue Acts of 1916 and 1921 relative to the imposition of estate tax upon estates by the entirety, whereas here the issue is as to the imposition of an estate tax, under the Revenue Act of 1924, on the interest of a decedent in a joint tenancy created before the passage of the 1924 Revenue Act, the facts in the instant case bringing it squarely within the retroactive provisions of that act.

There is no substantial difference between the earlier revenue acts mentioned and the Revenue Act of 1924 with respect to joint estates, except that the 1924 Act is specifically retroactive.

The Supreme Court in the *Tyler* case, *supra*, appears to have definitely settled the constitutionality of such parts of the revenue acts as impose an estate tax, and since, as therein stated, "the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of the other," the same basis and occasion for the tax would seem to exist whether the estate in joint tenancy was created before or after the effective date of the revenue act which imposes the tax.

In view of the specific provisions of section 302 (e) and (h) of the Revenue Act of 1924 and the language and reasoning of the court in its opinion in the *Tyler* case, *supra*, from which we have quoted only briefly, though much of the reasoning is applicable here, we have no hesitancy in assuming, which in the circumstances of the instant case it is our duty to do, that the Revenue Act of 1924 and its retroactive provisions are constitutional. In the light of the reasoning in the *Tyler* case, *supra*, and the decision of the court in *Knox* v. *McElligott*, 258 U. S. 546, we are of the opinion, on the record in the instant case, that the respondent in his determination of a deficiency in estate tax of $719.61 committed no error, and his action is accordingly approved.

*Judgment will be entered for the respondent.*