EMMA MELCZER, AS EXECUTRIX OF THE ESTATE OF JOSEPH MELCZER, DECEASED, AND EMMA MELCZER, SURVIVING WIDOW AND JOINT TENANT OF SAID DECEDENT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25444. Promulgated May 8, 1931.

*Ralph W. Smith, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

McMahon: The petition in this proceeding was filed in the name of Emma Melczer as executrix of the estate of Joseph Melczer and also in the name of Emma Melczer as surviving widow and joint tenant of the decedent. From the record it does not appear that a deficiency letter was mailed by the respondent to Emma Melczer in her individual capacity. The deficiency letter which is the basis of the petition was addressed to Emma Melczer as executrix of the estate of Joseph Melczer and the deficiency therein determined is one in estate tax against the estate of Joseph Melczer. Since there is no provision in the rules of the Board for the filing of a joint petition (*Jacob Held, Jr., et al.*, 20 B. T. A. 863), and since no basis appears for a proceeding instituted by Emma Melczer in her individual capacity, the proceeding so far as it purports to concern her as an individual is hereby dismissed.

It will be noted that the petitioner assigns as error the failure of the respondent to allow as a deduction from the gross estate a community exemption of one-half of the estate. However, since the stipulated facts do not show that the property in question was community property, but that it was owned by the decedent and his wife as joint tenants, we disregard this allegation of error.

It is alleged in the petition that the respondent erred in including in the gross estate of the decedent for purposes of computing the estate tax the full value of certain real and personal property described in our findings of fact, which was held by the decedent and his wife at the time of the death of the decedent as joint tenants.

The decedent died on July 9, 1924, and the applicable statute is the Revenue Act of 1924 which provides in part as follows:

SEC. 301. (a) In lieu of the tax imposed by Title IV of the Revenue Act of 1921, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of every decedent dying after the enactment of this Act, whether a resident or nonresident of the United States: * * *

* * * * * * *

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

* * * * * * *

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: *Provided,* That where such property or any part thereof, or part of the consideration with which such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: * * *

* * * * * * *

(h) Subdivisions (b), (c), (d), (e), (f), and (g) of this section shall apply to the transfers, trusts, estates, interests, rights, powers, and relinquishment of powers, as severally enumerated and described therein, whether made, created, arising, existing, exercised, or relinquished before or after the enactment of this Act.

The Civil Code of California provides as follows:

SEC. 161. *May be joint tenants, etc.* A husband and wife may hold property as joint tenants, tenants in common, or as community property.

SEC. 683. *Joint interest, what.* A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants.

The Code of Civil Procedure of California provides:

SEC. 752. *Who may bring actions for partition.* When several co-tenants own real property as joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition cannot be made without great prejudice to the owners. [Amendment approved May 6, 1919, Stats. 1919, p. 319.]

The petitioner contends in her brief that both under the common law and under the Civil Code of California the legal effect of a joint tenancy is that the title to the joint property does not pass to and vest in the survivor upon the death of a cotenant, but that each tenant is seized of the whole estate from the first and no change occurs in the title upon the death of his cotenant, and that since this is true the death of the decedent did not operate to transfer to the surviving widow any property rights in the property in question so as to provide the basis for the estate tax. Petitioner, in her brief, contends that to construe the Revenue Act of 1924 as subjecting to tax the whole of the joint tenancy property would subject it to the due process inhibitions of the Fifth Amendment to the Constitution. Petitioner cites *In re Gurnsey's Estate,* 177 Cal. 211;

170 Pac. 402; and *McDougald* v. *Boyd*, 172 Cal. 753; 159 Pac. 168, in which the Supreme Court of California held that no part of a joint estate constitutes a part of the estate of a decedent for the purpose of the State inheritance tax. In *In re Gurnsey's Estate*, *supra*, the court stated:

* * * The joint tenancy referred to in the Civil Code (section 683), and here involved, is the estate known as such at common law. In *Kennedy* v. *McMurray*, 169 Cal. 287, 146, Pac. 647, Ann. Cas. 1916D, 515, we held that a joint deposit account made in the same manner as the account here involved created a joint tenancy, and that such deposit was no part of the estate of the party who first died. In *Estate of Harris*, 169 Cal. 725, 147 Pac. 967, the court decided that a joint tenancy in personal property could be created by parol, and that "upon the death of one of two joint tenants the survivor thereupon becomes the sole owner of the entirety, not by descent, but by survivorship and in virtue of the original grant creating the tenancy."

In *Hannon* v. *S. P. Co.*, 12 Cal. App. 355, 107 Pac. 335, the subject was treated at greater length. It was there shown that at common law the title to the joint property did not pass to and "vest in the survivor" upon the death of his cotenant, but that "each tenant was seized of the whole estate from the first, and no change occurred in his title on the death of his cotenant"; that "it simply 'remained' to him," and came to him "wholly from the original grant," so that after the death of one, the other, in pleading his title, could allege a conveyance by the original grantor to himself, without mention of the cotenant, citing Coke on Littleton, § 286, and 1 Washburn on Real Property, 646, and concluding with the following:

"It is therefore a mistake to say of joint tenants that the title vests in the survivor upon the death of the cotenant, or that it descends to him from his cotenant; for it had already vested in him by, and at the time of, the original grant."

This is the legal effect of a joint tenancy at common law and under our Code, and it would, of course, prevail without regard to the actual intent of the donor who created it. * * *

The above interpretation of joint tenancies was approved and followed in *Carter* v. *English*, 15 Fed. (2d) 6, which held that no part of property held by joint tenancy should be included in the gross estate of a deceased joint tenant, under the Revenue Act of 1916. We do not agree with this view of the attributes of an estate in joint tenancy (see *United States* v. *Robertson*, 183 Fed. 711; and *Knox* v. *McElligott*, 258 U. S. 546), but in any event we do not consider *Carter* v. *English*, *supra*, controlling in the instant proceeding, since we are concerned here with subsections (e) and (h) of section 302 of the Revenue Act of 1924 which by their terms expressly require the inclusion in the gross estate of a decedent of the full value of property held by such decedent and any other person as joint tenants, regardless of when such tenancy was created. The Revenue Act of 1916 had no such retroactive provision. *Mary Allen Emery, Executrix*, 21 B. T. A. 1038, is, in like manner, distinguishable from

the instant proceeding. We held in *Rita O'Shaughnessy*, 21 B. T. A. 1046, that since it did not clearly appear that section 302 (e) and (h), Act of 1924, was unconstitutional, we were constrained to follow it and to hold that the entire value of the property held by the decedent and his wife as joint tenants should be included in the gross estate regardless of when the tenancies were created. We therefore hold that the full value of the property held in joint tenancy by the decedent and his wife in the instant proceeding should be included in the gross estate. See also *J. H. Gwinn*, 20 B. T. A. 1052.

Even if we should adopt the view of the court as set forth in *Carter* v. *English, supra,* as to a joint tenancy, the full value of the property so held would have to be included in the gross estate of the decedent, since the case would then fall within the rule laid down in *Tyler* v. *United States*, 281 U. S. 497, with regard to tenancies by the entirety.

We see no merit in the petitioner's contention that since the properties in question were purchased with community property in which the wife had an interest, one-half of the property " originally belonged " to the wife and is, therefore, not to be included. It has been held that a wife does not have a vested interest in community property under the laws of California, but only an expectancy therein. *United States* v. *Robbins*, 269 U. S. 315; *Griffith Henshaw, Executor*, 12 B. T. A. 1441; affd., 31 Fed. (2d) 946; certiorari denied, 280 U. S. 43A; *Agnes Silverberg, Executrix*, 20 B. T. A. 716; and *John W. Preston*, 21 B. T. A. 840.

Reviewed by the Board.

*Judgment will be entered for the respondent.*