In the Matter of the Appraisal, under the Transfer Tax Act, of the Estate of CHARLES W. CORNELL, Deceased.

ARCHIBALD MCLAUGHLIN, as County Treasurer of Ulster County, et al., Appellants; CHARLES W. CRISPELL, Individually and as Executor of CHARLES W. CORNELL, Deceased, Respondent.

TRANSFER TAX — GIFT OF SECURITIES WITH RESERVATION OF INCOME THEREOF. A gift of securities under an agreement that the donor should have, during his life, "all or such part of the net income thereof as he might wish," the donee to have the possession and management of the securities, does not make the donee the absolute owner thereof, but only the holder thereof in trust, until the death of the donor, to pay the income thereof to the donor; and such gift is taxable under the Tax Law (L. 1896, ch. 908, § 220, subd. 3) as a transfer to take effect after the death of the donor.

*Matter of Cornell*, 66 App. Div. 162, modified.

(Argued March 24, 1902; decided April 8, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 25, 1901, which modified and affirmed as modified a decree of the Ulster County Surrogate's Court imposing a transfer tax on the estate of Charles W. Cornell, deceased.

The facts, so far as material, are stated in the opinion.

*Walter N. Gill* for appellants. The appeal of Crispell individually and as executor to the Appellate Division should have been dismissed. (*Beebe* v. *R. L. H. & P. Co.*, 6 App. Div. 187; *Matter of Allen*, 81 Hun, 91; *Hackley* v. *Hope*, 2 Abb. Ct. App. Dec. 298; *Bryant* v. *Thompson*, 128 N. Y. 426; *People ex rel.* v. *Lawrence*, 107 N. Y. 607; *Hyatt* v. *Dusenbury*, 106 N. Y. 663; *Matter of Hodgman*, 140 N. Y. 421, 430; *Matter of Martin*, 13 Daly, 105; *Glassner* v. *Wheaton*, 2 E. D. Smith, 352; *Bell* v. *Holford*, 1 Duer, 58; *Meltzer* v. *Doll*, 91 N. Y. 365.) The reversal of the taxation on the gifts in question by the Appellate Division was on the law only. (*Dannhauser* v. *Wallenstein*, 169 N. Y. 199; *Nat. H. Co.*

v. *Bement,* 163 N. Y. 505; *Matter of Keefe,* 164 N. Y. 352;
*Metcalf* v. *Moses,* 161 N. Y. 587; *Wetmore* v. *Wetmore,* 162 N.
Y. 503; *Queen* v. *Weaver,* 166 N. Y. 398; *Matter of Brandreth,*
169 N. Y. 437; *Amherst College* v. *Ritch,* 151 N.Y. 282, 321.)
The gifts to Crispell on March 28, 1896, and December 3,
1897, were made by Cornell in contemplation of death, and
are taxable. (*Matter of Birdsall,* 22 Misc. Rep. 180; *Mat-
ter of Brandreth,* 169 N. Y. 437; *Matter of Davis,* 149 N.
Y. 539; *Matter of Crary,* 31 Misc. Rep. 72; *Matter of
Thorne,* 162 N. Y. 238; *Matter of Edgerton,* 35 App. Div.
125.) The gifts to Crispell, made March 28, 1896, and
December 3, 1897, were intended to and did take effect in
possession and enjoyment at or after the death of Cornell, and
are taxable. (*Smith* v. *Van Ostrand,* 64 N. Y. 278; *Matter
of Brandreth,* 169 N. Y. 437; *Hirsh* v. *Auer,* 146 N. Y. 13;
*Matter of Masury,* 28 App. Div. 580; *Matter of Seaman,*
147 N. Y. 69.) The order of the surrogate, made May 20,
1901, reducing the interest on the tax from ten to six per cent
per annum should be modified. (L. 1896, ch. 908, § 223.)

*V. B. Van Wagenen* for respondent. The transfers made
by Cornell to Crispell in 1896 and 1897 are not taxable
under the law as they were not made in contemplation of the
death of Cornell or intended to take effect in possession or
enjoyment at or after his death. (*Matter of Seaman,* 147 N.
Y. 69; *Ridden* v. *Thrawl,* 125 N. Y. 579; *Matter of Dows,*
167 N. Y. 227; *Matter of Spalding,* 49 App. Div. 541;
*Matter of Edgerton,* 35 App. Div. 125.) There was not such
a reservation of the possession or enjoyment as to bring the
gifts within the provisions of the act and make the succession
taxable. (*Matter of Edgerton,* 35 App. Div. 125; *Matter
of Thorne,* 44 App. Div. 8; *Matter of Vassar,* 127 N. Y. 1;
*Matter of Bronson,* 150 N. Y. 1.) The surrogate was right
in remitting the penalty. (L. 1896, ch. 908, § 223.)

CULLEN, J. The testator died on May 9th, 1898, bequeath-
ing all his estate to Charles W. Crispell. The estate of the
testator at the time of his decease amounted to about twenty

thousand dollars, but on May 28th, 1896, he had transferred to said Crispell securities of the value of fifty-five thousand dollars, and on December 3rd, 1897, he had made a further transfer of property of the value of one hundred and fifty thousand dollars. The appraiser and surrogate imposed a tax on these two transfers as well as upon the property of which the testator died possessed. The Appellate Division modified this decree by striking out the tax on the two gifts made by the testator in his lifetime. From that order an appeal is taken to this court.

We think the disposition of this appeal is determined by our ruling in the case of *Matter of Brandreth* (169 N. Y. 437), which had not been made when the learned Appellate Division made its decision. The agreement between Crispell and the testator, upon which the earlier of the two gifts was made, was oral. Its terms were proved by the testimony of one Hume, who prepared the deed of transfer, which is as follows: "I told him that after the papers were signed the principal and income would belong to Dr. Crispell, and he could dispose of it at any time he chose. He said, yes, I know that, but I am to have the income of those securities as long as I live; the doctor and I have an understanding to that effect. I said to him, you want to transfer these securities to the doctor as a gift absolute, not to be held in trust by him; he said, yes, that is my wish, but I am to have the income during my life." The written agreement as to the second gift recites: "Whereas, the said party of the second part has lately sold and transferred to the party of the first part certain securities, a schedule of which is hereto annexed, under the agreement and understanding that the party of the second part should during his life have all or such part of the net income of such securities as he might wish," and then contains an agreement by the donee for himself, his executors and assigns to invest in new securities any of the transferred securities which might be paid off or sold and to keep an account of all the interest and dividends received from such securities or the substituted securities, and after paying himself a salary for his services as

secretary to the testator, to pay over the remainder of such income to the testator during his natural life, with power to the testator at any time to give to his sister, Eleanor C. Smith, ten thousand dollars in amount out of the securities transferred. We think it clear that under these agreements the testator reserved a life interest to himself. Though possession of the securities was given to the donee, this did not make him their absolute owner. In *Smith* v. *Van Ostrand* (64 N. Y. 278), where a life interest and remainder were created in a fund and the testator directed the fund to be turned over to the life tenant, it was held that this did not make the gift to the life tenant absolute, but that she held the fund as trustee for the remainderman. This case presents the converse of that proposition, which must be equally true. It was necessary to deliver the securities to the donee, for without delivery there could be no valid gift. By such delivery the donee did not become the absolute owner of the securities transferred to him, but as the donor reserved a life interest, the donee, during the donor's life, held the securities in trust to pay the income to the donor. Had the donee died before the donor, or become insolvent, the securities would not have passed to his estate or to his creditors, but only a remainder in them after the death of the donor. The agreement of the donee was not to support the donor nor to pay him a specified sum nor an amount equal to the income or interest realized by the securities, but to pay that income and interest as such. In case of the death or insolvency of the donee or of his failure to comply with his agreement, a court of equity would have appointed a new trustee of the fund and the testator would not have been relegated to the position of a mere creditor of the donee.

The appellants appealed to the Appellate Division from so much of the surrogate's decree as reduced the interest on the unpaid tax from ten to six per cent, and have appealed to this court from the affirmance by the Appellate Division of this provision. We think on this record the matter rested in the discretion of the surrogate and that we are not justified in interfering with its exercise.

The order of the Appellate Division, so far as it modifies the order of the surrogate, should be reversed, and the order of the surrogate should in all things be affirmed, without costs to either party against the other.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and WERNER, JJ., concur; GRAY, J., not voting.

Ordered accordingly.