### In re BULLARD'S ESTATE.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. TRANSFER TAX—GIFT IN CONTEMPLATION OF DEATH.

A gift of shares of stock, by transfer in writing on the back of the certificate, and delivery thereof, by one 83 years old, in vigorous health till just before his death three years later, is not shown to be within Laws 1896, c. 908, § 220, imposing a tax on the transfer of property by gift made "in contemplation of the death of the * * * donor or intended to take effect in possession or enjoyment, at or after such death," by the fact that there was no transfer on the books of the corporation, and that the donor continued to act as an officer of it, and received the dividends.

Chase, J., dissenting.

Appeal from surrogate's court, Saratoga county.

In the matter of the appraisal of the estate of Daniel A. Bullard, deceased, under the law relating to taxable transfers of property. From a decision and decree exempting certain personal property from taxation under the law (76 N. Y. Supp. 309), the comptroller appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Potter, Kellogg & King, for appellant.

James W. Verbeck, for respondent.

KELLOGG, J. Daniel A. Bullard died in April, 1901, at the age of 86 years and upwards. The case shows him to have been in vigorous health until within a few weeks of his demise. On February 5, 1898, over three years prior to his death, he gave to his daughter Helen F. Brisbin, one of the appellants, 120 shares of stock in the National Bank of Schuylerville, valued at $15,600, and to his grandson Charles E. Brisbin the same number of shares in the same bank. The certificates of stock for these shares, then held by deceased, were in writing on the back transferred to these donees at that time, and were delivered to the grandson Charles for himself and his mother, and these certificates were never afterwards in the possession of the deceased. At the time of this transfer of the bank stock certificates, the deceased gave to another grandson, Daniel A. Bullard, 2d, 300 shares of the Ft. Miller Pulp & Paper Company, valued at $45,000. The certificates for these shares were in writing on the back, signed by the deceased at the time mentioned, and transferred and delivered to the donee, and thereafter deceased never had possession thereof.

These gifts, under the circumstances disclosed, were gifts inter vivos and not causa mortis. They were irrevocable, and lack the distinctive qualities of gifts causa mortis. They took effect immediately, and not at the death of the donor. If the construction of the language of the statute, "in contemplation of death," which is declared in Re Spaulding's Estate, 49 App. Div. 541, 63 N. Y. Supp. 694, by a majority of a divided court, is the correct construction, the gifts in the case before us were not made "in contemplation of death." Nor does the case disclose facts sufficient to found a conclusion upon that they were made in bad faith, or with the intent of evading the transfer tax. On the question as to whether the gifts were absolute, and free from any trust to pay over the income during the life of the donor, and not incumbered with any enforceable reservation of the income arising after the date of such gifts, the facts of the case create a degree of doubt. No express contract is shown to support a trust or reservation. Nothing was said on the subject between the donor and donees at the time of the gifts. The subsequent action of all parties might imply that there existed an unexpressed understanding that the donor should have the earnings of the stock thereafter during his life, and should continue to hold office in the corporations, the same as before, while owner of the stock. He did receive the dividends, and did remain president of the bank and director in the pulp company. If such were the contracts entered into between the

parties at the time of the gifts or before, then, under the authority of In re Brandrette's Estate, 169 N. Y. 437, 62 N. E. 563, and In re Cornell's Estate, 170 N. Y. 423, 63 N. E. 445, the stock was subject to the transfer tax. In the cases cited, contracts were clearly established; they were not implied agreements based solely upon the subsequent acts of the parties. In the case before us, while the inference of the existence of a binding agreement is strong, it is far from conclusive. The acts of the donor can as well be predicated upon the voluntary sufferance of the donees as upon a prior contract. It was not against the interest of the donees that the old president of the bank should be continued as such, and not deposed, and that he should continue, also, as director of the pulp company. A transfer of the stock would have ousted him from both places, and might have provoked comment among patrons, resulting in injury to both corporations. The dividends were properly declared, and paid or credited to the person appearing by the stockbook of the company to be owner of the stock. The agreement, if one existed, must have been known to the two grandsons. They were called by appellant as witnesses to prove such an agreement, but their testimony does not disclose that there was one. It was incumbent upon appellant to make this proof to sustain appellant's contention. If this proof were presented to a court on an application for the appointment of a receiver or trustee, on the death of either donee in the lifetime of the donor, to enforce a trust, as suggested in Re Cornell's Estate, supra, and no other evidence of a binding agreement was offered, there can be little doubt but the evidence would be deemed insufficient to establish a trusteeship of this stock during the life of the donor. I am therefore of the opinion that on the proofs the decision of the surrogate is conclusive on this question.

The decree of the surrogate should be affirmed, with costs. All concur except CHASE, J., who dissents.