BAKER *v.* McCANLESS, COMMISSIONER OF FINANCE AND
TAXATION.

(*Nashville,* December Term, 1940.)

Opinion filed June 14, 1941.

Egerton, Peter, McAfee & Clarke, of Knoxville, for complainant.

Roy H. Beeler, Attorney-General, and W. F. Barry and Harry Phillips, Assistant Attorneys-General, for defendant.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by the administrator of Joseph Nelson Baker, deceased, against the Commissioner of Finance and Taxation to recover part of an alleged excessive exaction, paid under protest by the administrator, by way of inheritance tax.

The chancellor decreed in favor of the complainant and the Commissioner has appealed.

Joseph Nelson Baker died on August 15, 1937. Some twenty months prior to his death, on December 31, 1935, he conveyed in trust property of the value of $235,000 to certain trustees for the benefit of himself, his wife, and his five sons. Details of the trust instrument are not material. The grantor reserved for himself a life income of $8,400 per annum, payable out of either the income or the corpus of the estate. Upon the grantor's

death, the inheritance tax return showed a gross estate of $27,407.01, deductions of $27,892.04, and consequently no net taxable estate. The Commissioner was advised that so much of the trust estate as was necessary to produce an income of $8,400 per annum was a transfer falling under the inheritance tax statute. The value of that part of the estate ruled so taxable was fixed at $140,000. This figure is not questioned by the administrator, if the method of computation followed by the Commissioner is determined to have been proper.

The Commissioner added this sum of $140,000 to $27,-407.01, the gross estate as returned by the administrator, made the deductions claimed by the administrator, and the result was a net taxable estate of $139,892.04. The tax upon this basis was $3,864.60. The administrator paid $3,753 of this amount under protest and sued to recover the same herein. The administrator contends in this court that the liability of the estate under the inheritance tax statute was $250.56, to which interest is to be added from a date six months after the grantor's death, and the chancellor so held.

Provisions of our inheritance tax law are these:

Code "1259. Subdivision 1. Tax on transfers on property.—A tax is imposed for the general uses of the state, under the conditions and subject to the conditions and limitations hereinafter prescribed, upon transfers, in trust or otherwise, of the following property, or any interest therein or accrued income therefrom:

.    .    .    .    .

"1260. Subdivision 2. Transfers taxable.—The transfers enumerated in subdivision 1 of above section shall be taxable if made—

"(a)  By a will.

"(b)  By statutes regulating descent and distribution of property upon the death of the owner.

"(c)  If a resident, any property specified in paragraph (a) of subdivision 1 of above section; and, if a nonresident, any property specified in paragraph (b) of subdivision 1 of said section transferred by the decedent prior to and in contemplation of death and any transfer of any such property made by a person within two years prior to death, shall, unless the contrary be shown, be deemed to have been made in contemplation of death.  Contemplation of death, as used in this statute, shall be taken to include that expectancy of death which actuates the mind of a person on the execution of his will, and in no wise shall said words be limited and restricted to that expectancy of death which actuates the mind of a person in making a gift causa mortis; and it is declared to be the intent and purpose of this statute to tax any and all transfers which are made in lieu of or to avoid the passing of the property transferred by testate or intestate laws.

.  .  .  .  .

"(e)  A transfer of property subject to any charge, estate or interest, determinable by the death of the decedent or at any period ascertainable only by reference to the death of the decedent, shall be deemed to have been intended to take effect in possession or in enjoyment at or after death.

.  .  .  .

"(g)  In case of any transfer of property specified in paragraph (e) of this subdivision, the increase accruing to any person or corporation upon the extinction or termination of such charge, estate, or interest, shall be deemed a transfer of property taxable under the provisions of this statute."

The result reached below is based on the construction given by the administrator to subsection (g). The contention is that the increase accruing to the beneficiaries, upon the death of the grantor, was the value of the grantor's life interest at the time of his death. The estate was charged with the annuity in favor of the grantor for his lifetime. It was freed from that charge at the grantor's death. Consequently, according to the argument, the increase accruing to the beneficiaries was the value of the grantor's life estate at his attained age at the time of his death computed by mortality tables. So figured the tax would correspond with the amount admitted to be due by the administrator.

The foregoing theory is plausible but, in our opinion, it fails to take into account the purposes of the statute and all the provisions of the statute.

The present inheritance tax law, carried into the Code at sections 1259 *et seq.*, is based on chapter 29 of the Acts of the Extraordinary Session of the General Assembly of 1929. A consideration of the title of that act will throw light on the question before us. The title, in part, is as follows: "An Act to establish and impose a tax for general state purposes on transfers of property by inheritance and intestate laws of the State, by will or gift, in trust or otherwise, or instrument made in contemplation of death, or intended to take effect in possession or enjoyment at or after death of the maker thereof, . . ."

The tax is imposed "on transfers of property . . . intended to take effect in possession or enjoyment at or after death . . ." That is to say, the tax is on the transfer of possession and enjoyment.

By (e) above quoted a transfer of property subject to a charge determinable by death of decedent "shall be

deemed to have been intended to take effect in possession or enjoyment at or after death.''

By section 1282 of the Code ''all taxable transfers made by a decedent shall be deemed to have been made at the time of his death.''

So it is, in contemplation of this statute, where possession and enjoyment in a case like the one before us is postponed, there is no taxable transfer until the death of the decedent. No part of the taxable estate accrues to the beneficiary prior to the decedent's death in the sense of the statute.

Such being our construction of the law, it follows that the beneficiaries of this trust did not take the taxable estate—possession and enjoyment thereof—until the grantor's death. Therefore the increase accruing to these beneficiaries upon the extinction or termination of the charge in favor of the grantor was the value of the taxable estate, or $140,000. When the beneficiaries acquired the possession and enjoyment of the $140,000, this acquisition included the income from the same. Accordingly the increase accruing to them was $140,000, not the bare income on that sum for the remainder of the grantor's expectancy.

As suggested by the Attorney-General, were it not for the inclusion of (g) in this statute, the property subject to the tax would be the entire $235,000 estate. The statute as written, however, frees from the tax that portion of the estate passing into immediate possession and enjoyment of the beneficiaries, namely, $95,000.

As indicating how far the inheritance tax law would fall short of the legislative design, should we adopt the construction of the administrator, suppose the grantor here had lived the limit of life expectancy according to

the mortality tables. It would have resulted that there would have been no taxable estate at all.

Some reference is made by counsel for the administrator to the gift tax statute, chapter 137 of the Public Acts of 1939. It is contended that the construction given by the Commissioner to the inheritance tax statute will, in view of the gift tax statute, result in double taxation. We do not think so. At any rate section 21 of the gift tax statute provides that no part of it shall be construed to repeal or modify the Tennessee inheritance tax law. Construed *in pari materia,* we think the two acts will not bring about double taxation.

Reversed.