332

FRANK F. HICKOX, Executor of the Estate of
LOUISE P. ERSKINE,

*v.*

B. J. BOYD, Commissioner of Finance and Taxation of the
State of Tennessee.

*(Nashville,* December Term, 1958.)

Opinion filed January 23, 1959.

APPERSON, CRUMP, DUZANE & McRAE, Memphis, for appellant.

GEORGE F. McCANLESS, Attorney General, ALLISON B. HUMPHREYS, Solicitor General, MILTON P. RICE, Assistant Attorney General, for the Commissioner.

Mr. Justice Burnett, delivered the opinion of the Court.

We find in the record a succinct, well stated memorandum of the Chancellor, which we adopt as ours in deciding this case. This memorandum is:

"This is a suit to recover a portion of the inheritance tax paid under protest to the State of Tennessee by the complainant as executor of the estate of Louise P. Erskine.

"Louise P. Erskine, a citizen and resident of Shelby County, Tennessee, died testate in said county, and the complianant was appointed executor of her estate on December 17, 1956. On July 3, 1957, the complainant as such executor filed inheritance tax return upon the estate

of the deceased with the Inheritance Tax Division, Department of Finance and Taxation, Nashville, Tennessee, and exhibited thereto a photostatic copy of a trust instrument executed by the deceased under date of March 28, 1921, whereby she created a trust, the pertinent provisions of which are as follows:

" '* * * to pay the said income to an amount not to exceed $5,000.00 in any one year in quarterly installments, to the Party of the First Part. All income over and above the amounts of the payments hereinabove mentioned to be added to and form a part of the principal of the trust estate.'

" 'Upon the death of the Party of the First part, the Trustee shall pay the income to an amount in aggregate not to exceed $5,000.00 in any one year, in quarterly installments, in equal shares to (children) until each child shall reach the age of twenty-five years, at which time the Trustee shall deliver and pay over to such child reaching the age of twenty-five years, his share of the trust estate, both principal and interest.'

"The executor returned for taxation only that portion of the Trust Estate which was required to produce the life income reserved to the Trustor (complainant's deceased). The director of the Inheritance Tax Division included the entire Trust Estate in making his assessment.

"This is a suit to recover that portion of the tax paid under protest which resulted from the inclusion by the Director into the estate of the deceased of the portion of the Trust Estate not required to produce the life income to the Trustor.

"The portion of the Trust Estate required to produce the life income for the Trustor will be referred to hereafter as 'Fund A' and the balance of the Trust Estate as 'Fund B'.

"This cause was heard on bill and answer, upon motion of complainant. The facts are not in dispute.

"The complainant relies upon *Baker v. McCanless,* 177 Tenn. 571 [151 S.W.2d 1082], and an opinion of the Attorney General of Tennessee to support his position that 'Fund B' is not taxable. The Baker case and the opinion of the Attorney General are authority only for the inclusion of 'Fund A' of the Trust Estate in the taxable estate of deceased, as shown by the following quotations:

" '(3) Such being our construction of the law, it follows that the beneficiaries of this trust did not take the taxable estate—possession and enjoyment thereof—until the grantor's death. Therefore the increase accruing to these beneficiaries upon the extinction or termination of the charge in favor of the grantor was the value of the taxable estate, or $140,000. When the beneficiaries acquired the possession and enjoyment of the $140,000, this acquisition included the income from the same. Accordingly the increase accruing to them was $140,000, not the bare income on that sum for the remainder of the grantor's expectancy.' *Baker v. McCanless,* 177 Tenn. 571-576, [151 S.W.2d 1082].

" 'This situation is almost identical to the trust involved in *Baker v. McCanless,* 177 Tenn. 571 [151 S.W. 2d 1082]. Under said decision that part of the trust is taxable which is required to produce an annual income of $7200.00 per annum. In the Baker case your

Department computed this amount at six per cent interest. Applying the same basis of calculation to the instant case, $120,000.00 of the *corpus* is taxable. This amount, being necessary to produce an income of $7200.00 per annum, continued to serve the trustor during her lifetime and did not pass to the possession and enjoyment of the beneficiaries until the trustor's death.' *Opinion of Attorney General.*

''Reference is made in both the Baker case and the Attorney General's opinion to the portion of the 'Trust Estates' we have designated to as 'Trust B', but whether or not 'Fund B' was taxable was not at issue.

''The trust instrument in the Baker case is before this Court but the language of the Trust considered by the Attorney General is not available for comparison with the language of the trust here under consideration. However in each instance the Court and the Attorney General treated 'Fund B' as having passed to the beneficiaries in 'possession and enjoyment' upon the execution of the trusts or more to the point the grant or gift of 'Fund B' did not 'take effect in possession or enjoyment at or after death' of the respective decedents.

''Complainant has not sued to recover the tax paid on 'Fund A' of the 'Trust Estate' created by his deceased but only to recover the tax exacted upon 'Fund B'.

''The tax involved herein is imposed under T.C.A. [secs.] 30-1601, 30-1602 which are, in part, as follows:

''30-1601. 'A tax is imposed * * * upon transfers, in trust or otherwise, of the following property, or any interest therein or accrued income therefrom.' (The trust property in this case is within that described by 30-1601 T.C.A.)

"30-1602. 'The transfers enumerated in 30-1601 shall be taxable if made—

" '(d) If a resident, any property specified in paragraph (a) of Sec. 30-1601 transferred by the decedent prior to death by gift or grant intended to take effect in possession or enjoyment at or after death.

" '(e) A transfer of property subject to any charge, estate or interest, determinable by the death of the decedent or at any period ascertainable only by reference to the death of the decedent, shall be deemed to have been intended to take effect in possession or in enjoyment at or after death.'

" '(g) In case of any transfer of property specified in paragraph (e) of this section, the increase accruing to any person or corporation upon the extinction or termination of such charge, estate, or interest, shall be deemed a transfer of property taxable under the provisions of this statute.'

"The trust instrument executed by complainant's deceased provided that the surplus income be·added to the principal of the Trust Estate, as follows:

" 'All income over and above the amounts of payments hereinabove mentioned to be added to and form a part of the principal of the trust estate.''

"No provision was made in the trust instrument for the vesting 'in possession or enjoyment' of 'Fund B', the portion of the Trust Estate not needed to produce an income for Trustor or of the income therefrom, in anyone but Trustor until—'*Upon the death of the Party of the First Part. * * **'

"The 'grant or gift' made by complainant's deceased took 'effect in possession or enjoyment at or after death', her death, and is clearly subject to the tax imposed. The bill will be dismissed at complainant's costs.

"Decree accordingly."

This lawsuit is bottomed on a paragraph in the published opinion of *Baker v. McCanless,* 177 Tenn. 571, 151 S.W.2d 1082, 1084, which reads as follows:

"As suggested by the Attorney General, were it not for the inclusion of (g) in this statute, the property subject to the tax would be the entire $235,000 estate. The statute as written, however, frees from the tax that portion of the estate passing into immediate possession and enjoyment of the beneficiaries, namely, $95,-000."

We have read this published opinion several times and after doing so are convinced that the Chancellor in the opinion above correctly construed the purpose and holding of the opinion. Be this as it may, the paragraph from the opinion as quoted by us is necessarily confusing and might lead one to the conclusion on which this lawsuit is based. The Attorney General in his able brief herein concedes that:

"Although this is not as clear from the opinion as it might be, nevertheless there is language in the opinion which makes it plain that the commissioner and the Supreme Court treated the *corpus* of the estate or the beneficial interest in the *corpus* of the estate as vested in the beneficiaries in possession and enjoyment prior to the death of the grantor."

This paragraph that we have quoted from the opinion above, being the basis of this lawsuit and in view of its possible ambiguity, we have gone to the Archives and gotten the record in the Baker case (177 Tenn. 571, 151 S.W.2d 1082), and have read this record along with the three or four printed briefs of counsel for the estate as well as that of the Attorney General. The case below was appealed by the State to this Court and was reversed as shown by the published opinion. In the brief of the State in the Baker case this is said:

"Here the *corpus* of the trust estate was $235,000. $95,000 of this amount passed in possession or enjoyment on the date the trust was executed. $140,000 remained incumbered by the life income reserved to the settlor. By enactment of Sub-Section (g) the Legislature simply limited the taxable estate to $140,000, the amount of the increase which accrued to the beneficiaries in possession or enjoyment at the death of the grantor. In other words the Legislature has said that $140,000, not the entire $235,000, is taxable.

"If Sub-Section (g) were elided from the Statute, it would be doubtful whether the measure of the tax would be $235,000 or $140,000. As hereinbefore pointed out some of the cases from other jurisdictions hold that the entire trust estate is taxable where a life income is reserved from part of the *corpus*. Three States, New York, Illinois and Michigan, have divided the *corpus* for taxation purposes. To remove any doubt as to which line of authorities should be followed in Tennessee, the Legislature enacted Sub-Section (g), limiting the taxable estate in Tennessee to the increase accruing to the beneficiaries at the death of the grantor."

Thus it is seen from the following quotation from the State's brief in the Baker case where the Court got its information and wrote the paragraph in the published opinion on which the present lawsuit is based. The reading of this entire brief before and after that portion quoted shows that the State was there arguing that they were only taxing $140,000 and not $235,000 and showing that they had a right and why they were taxing this $140,000. The Commissioner, apparently, in the Baker case assumed that the $95,000 passed in possession and enjoyment at the date of the trust and the death of the trustor had nothing to do with that portion of the trust, while the $140,000 or the amount necessary to create $8,400 per year at 6% interest was based on possession or enjoyment after death, and therefore taxable under the Statute. The question thus presented in the Baker opinion in no wise touches the question before the Court in the present case.

In the present case the Chancellor shows that the possession or enjoyment of the fund that he designates as "Fund B" comes into effect only upon the death of the party of the first part, and took effect "in possession or enjoyment" at or after the death of Mrs. Erskine. The Statute (Section 30-1602(e), T.C.A.) makes a transfer determinable by the death of the decedent, or at any period ascertainable only by reference to death of decedent, taxable as having been intended to take effect in possession or enjoyment at or after death. The "increase accruing" to the beneficiary upon the extinction or termination of such charge or interest, etc., is deemed to be likewise a taxable transfer. Section 30-1602(g), T.C.A. Thus it is that we see no escape from the liability for taxation on what the Chancellor designates as "Fund B" herein. Under

this trust this portion of the estate did not pass in possession or enjoyment at the date of the trust but only on the death of the trustor as shown by the quotation from a section of the trust quoted in the memorandum opinion.

The New York Courts have consistently followed an opinion of the Court of Appeals of that State, *In re Green's Estate,* 153 N.Y. 223, 47 N.E. 292, 293, wherein the quotation of one paragraph therefrom shows the applicability of that Court's reasoning to an identical situation to that herein. The Court said:

"The real question is whether the remainders which the nieces took under the deed were intended to 'take effect in possession or enjoyment,' at or after the death of the donor. Until her death, they had no actual possession, or right to the possession, of the property. Since they could not receive any part of the principal or the income till after her death, their right of enjoyment was postponed till the happening of that event. Whatever interest they may have had before, the right to the possession and enjoyment depended upon the death of the donor. We think it quite clear that the remainders were transferred to the nieces, in possession or enjoyment, by an instrument intended to take effect for that purpose, at or after the death of the donor, and so the case is brought within the terms of the statute. It matters not whether the transfer is by grant or by gift; so long as it was intended to take effect, in possession or enjoyment, at or after the death of the grantor or donor, the devolution of title is subject to the tax."

See, also, *In re Hayes' Estate,* 1934, 264 N.Y. 448, 191 N.E. 507; *In re Cornell's Estate,* 170 N.Y. 423, 63 N.E.

445, and others. Also for extended notes and citations of authorities, see 49 A.L.R. 875, and subsequent annotations thereon in 69 A.L.R. 1247, 100 A.L.R. 1244, and 121 A.L.R. 359.

All the Baker case (177 Tenn. 571, 151 S.W.2d 1082) holds is that in an irrevocable *inter vivos* trust which reserved to the trustor a life annuity, payable out of the income or *corpus* that it was subject to a tax because it was on a transfer of possession or enjoyment and the part of the trust which was necessary to produce the annuity was held to be taxable at the trustor's death. The question of the other portion was not at issue and not determined in that lawsuit.

Regardless of whether or not the Commissioner reached the wrong conclusion under this Act in not attempting to tax the other portion of the Baker estate, it cannot affect our duty under the Statute when the question arises. Likewise as to whether there was an erroneous advice by the Attorney General on this or other matters related thereto, this cannot and should not affect our obligation when the question properly comes before us.

Thus we reach the conclusion that the Chancellor was correct herein and his opinion will be affirmed.