In re TILLEY'S ESTATE. (No. 301–7.)

(Supreme Court, Appellate Division, Third Department.　January 6, 1915.)

TAXATION (§ 866*)—TRANSFER TAXES—"CONTEMPLATION OF DEATH"—JOINT TENANCY.

For a husband to deposit money payable to himself or wife, or the survivor, is not a transfer in "contemplation of death," or intended to take effect at or after such death, within Tax Law (Consol. Laws, c. 60) § 220, imposing transfer taxes upon such disposals of property, for Banking Act (Consol. Laws, c. 2) § 144, makes the parties joint tenants, with the right of survivorship, which right is an incident of joint tenancy, and the rights of the parties become absolutely fixed upon the making of the deposit.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 866.*

For other definitions, see Words and Phrases, First and Second Series, Contemplation of Death.]

Smith, P. J., dissenting.

Appeal from Order of Surrogate, Albany County.

In the matter of the appraisal of the estate of John S. Tilley, deceased, under the acts relating to the taxable transfers of property. From an order of the surrogate, modifying, on the appeal of Rose Emma Tilley, residuary legatee and executrix, the assessment of the appraiser, William Sohmer, State Comptroller, appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William Law Stout, of New York City, for appellant.

Merchant, Oleana & Merchant, of New York City (Abel Merchant, Jr., of New York City, of counsel), for respondent.

WOODWARD, J.　John S. Tilley died a resident of Albany county on the 25th day of March, 1913. During his lifetime, and for a period of about 35 years, decedent had been carrying on business in Watervliet; and, although his wife does not appear to have been a partner, it is not disputed that she assisted her husband in the business, and that real estate belonging to his wife was used in connection therewith. Some of the proceeds of this business, representing the joint earnings of decedent and his wife, were deposited in savings banks, and were made payable to either of them, or to the survivor. Decedent's wife always had possession of the passbooks, and drew out and deposited moneys on the various accounts as occasion required.

In the proceedings for the fixing of the transfer tax upon the estate of Mr. Tilley the appraiser made a finding that decedent was the owner of one-half of these joint accounts, aggregating $38,481.49, and an order assessing the tax on the sum of $19,240.74 was made. From this order the decedent's widow appealed to the Surrogate's Court, where the same was reversed. The state comptroller appeals from the order of reversal.

Upon this appeal it is urged that it "matters not whether the rights of the survivor accrued as alleged contractual rights, or as voluntary provisions, if the decedent intended that only at his death the survivor's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

title to his interest should become absolute and fixed, a tax should be imposed upon the transfer of his interest in the funds." But we are not here dealing with an equitable, but with a tax, problem; we are not interested in the intent of the decedent, but with the legal relations of the parties to these joint accounts. No special tax should be imposed upon the citizen, unless it is within the letter and spirit of the law, and the only question to be determined here is whether the law has provided for the taxation of joint accounts.

By the provisions of section 144 of the Banking Law, when—

"a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit thereupon and any additions thereto made by either of such persons upon the making thereof shall become the property of such persons as joint tenants and the same together with all interest thereon shall be held for the exclusive use of the persons so named and may be paid to either during the lifetime of both, or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to said bank." etc.

This would seem to dispose of the question here presented, for, whatever may have been the intention of the decedent, he is presumed to have known the law, and when he deposited the moneys in the accounts now under consideration he vested the ownership of such funds in joint tenancy in himself and his wife, it became the property of such persons in joint tenancy, and it is of the essence of a joint tenancy that there shall be unity of interest, unity of title, unity of time, and unity of possession; that is to say, joint tenants have one and the same interest, accruing by one and the same conveyance, commencing at one and the same time, and held by one and the same undivided possession. Neither can be exclusively seised of any particular part of the property, and is cotenant of the other; but each has an undivided moiety of the whole, and not the whole of an undivided moiety. 17 Am. & Eng. Ency. of Law, 649. The great incident of joint tenancy is the right of survivorship, and by reason of this right the interest of a joint tenant is not descendible and cannot be devised by will. 17 Am. & Eng. Ency. of Law, 650. No right passes by the death of one of the parties, for where the deposit is in the joint names of the parties, and the intent appears—as it now must under the statute—to create the joint tenancy, its effect is to vest title in the entire fund in the survivor. Farrelly v. Emigrant Industrial Savings Bank, 92 App. Div. 529, 531, 87 N. Y. Supp. 54, affirmed 179 N. Y. 594, 72 N. E. 1141.

The right of survivorship vests in the creation of the joint tenancy, and the only question determined by death is which shall take the entire estate. Under such circumstances it is clear that there is no succession to be taxed, for it was not made "in contemplation of death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." The possession is given upon the creation of the estate, the rights are absolutely and conclusively fixed, and the only question which is contingent is which of two or more joint tenants shall eventually own the entire estate. But

each is in full possession, each has full ownership as against all the world, with the exception of the equal right of the others, and the transfer, which becomes fully determined at the death of one of two joint owners, relates back to the creation of the estate. It was then that the rights vested, and the death only determines which shall be the gainer by the transaction. While there might be a joint tenancy created which would be so obviously fraudulent in its inception as to take it out of the general rule, we are persuaded that where an account is created in the manner permitted by the Banking Law, with all of its incidents known and recognized in the law, it cannot be presumed that there was any other intention than that which the law ascribes to such an act, and that property thus disposed of is not "made in contemplation of death," as that language is understood in the jurisprudence of this state, nor "intended to take effect in possession or enjoyment at or after such death." Section 220, Tax Law.

If the Legislature deems such dispositions of property to be properly taxable, that is a question which may be dealt with in the proper department; but this court has no power to enlarge upon the scheme of tax laws. See Matter of Starbuck, 137 App. Div. 866, 122 N. Y. Supp. 584; Matter of Green, 144 App. Div. 232–234, 129 N. Y. Supp. 54, and authorities cited. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur, except SMITH, P. J., who dissents.