(Supreme Court, Appellate Division, First Department.   May 7, 1915.)

1. TAXATION ⊜⧄872—TRANSFER TAXES—EXEMPTIONS.
     Property transferred in contemplation of death is to be treated as a class by itself for the purposes of a transfer tax, and the exemption al-lowed by statute is to be only from the aggregate value of all the prop-erty thus transferred, and not from the amount of each transfer.
     [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⊜⧄872.]

2. TAXATION ⊜⧄872—TRANSFER TAXES—EXEMPTIONS.
     The exemption from transfer tax allowed by statute upon property transferred in contemplation of death is in addition to the exemption allowed where property passes under a will.
     [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⊜⧄872.]

3. HUSBAND AND WIFE ⊜⧄49½—GIFT TO WIFE—DEPOSITS IN BANK—TITLE.
     Where money is deposited by a husband in a bank in the name of him-self and his wife, he will be held, in the absence of evidence to the con-trary, to have intended to create a right of survivorship in the wife.
     [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 249–255, 257; Dec. Dig. ⊜⧄49½.]

4. TAXATION ⊜⧄866—TRANSFER TAXES—FUNDS IN BANK—SURVIVORSHIP.
     Funds deposited in a bank by a husband in the name of himself and his wife are not subject to a transfer tax upon the husband's death, since the funds pass to the wife as survivor.
     [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⊜⧄866.]

5. TAXATION ⊜⧄866—TRANSFER TAXES—BONDS AND MORTGAGES—SURVIVOR-SHIP.
     Bonds and mortgages executed to a husband and wife jointly are not subject to a transfer tax upon the husband's death, since they pass to the wife by right of survivorship.
     [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⊜⧄866.]

Appeal from Surrogate's Court, New York County.
     In the matter of a transfer tax upon the estate of Alexander Thomp-son, deceased. From an order of the Surrogate's Court, modifying

⊜⧄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and affirming as modified an order assessing a transfer tax (87 Misc. Rep. 539, 151 N. Y. Supp. 244), Mary C. Thompson, as executrix and individually, and the Comptroller of the State of New York, file cross-appeals. Order modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Clarence C. Fowler, of New York City, for Mary C. Thompson.

Schuyler C. Carlton, of New York City, for Comptroller of the State of New York.

McLAUGHLIN, J.   The executrix of the estate of Alexander Thompson and the Comptroller of the State of New York appeal from an order of the Surrogate's Court modifying and affirming, as modified, an order assessing a transfer tax of $1,377.76 against property alleged to have been jointly owned by the decedent and his wife.

The decedent, a resident of the state of New York, died on the 6th of February, 1911, leaving a will in which his daughter, Mary C. Thompson, was named as sole executrix. Prior to January 26, 1911, he was seised of real estate of the value of approximately $67,000. On that day he executed two deeds, by which he transferred this property to himself and wife as joint tenants, instructing the person who drew the deeds that it was his intention "his wife should take the property when he died." He was then in his seventy-ninth year. In the preceding August he had broken his shoulder and was confined to his bed for several weeks, and also in November had quite a serious illness. At the time he executed the deeds he also executed a codicil to his will. This was on January 26th, and two days later he was found by his attending physician to be suffering from pneumonia, from which he died shortly thereafter.

In view of the advanced age and failing health of the decedent, taken in connection with the other evidence bearing upon the execution of the two deeds referred to, the learned Surrogate was of the opinion that the title to the real estate passing by them to the wife was a gift made in contemplation of death, and in this we fully concur. The real estate conveyed by one deed was appraised at the value of $27,-000, and the other at $39,000, making in all $66,000. From this the dower interest of Mrs. Thompson was ascertained to be $4,757, which, together with the $5,000 statutory exemption, was deducted, leaving $56,243 upon which the tax was imposed.

The Comptroller contends that the exemption of $5,000 ought not to have been deducted, since there had been an exemption of $5,000 from the value of the property passing under the will; in other words, that there could be but one exemption of $5,000 from the entire estate. The Surrogate held otherwise, and we think properly.

[1, 2] The executrix contends that there should have been an exemption of $5,000 from the value of each of the transfers. The Surrogate held, and we also think properly, there could be only one exemption from the aggregate value of the property transferred in contemplation of death. I think, when property is transferred in contemplation of death, it has to be treated as a class by itself, and the exemp-

tion allowed by the statute is to be only from the aggregate value of all of the property thus transferred, and this exemption is to be in addition to the exemption allowed where property passes under the will.

In Matter of Hodges, 152 N. Y. Supp. 1117, decided on April 23, 1915, this court affirmed a decision of the Surrogate's Court which held that the value of a gift in contemplation of death is not to be added to the value of a legacy for the purposes of taxation, but is to be taxed separately, and the recipient of such a gift is entitled to an exemption thereon, independently of his or her exemption as a legatee. The allowance to the widow of the exemption of $5,000 in respect to the real property of the decedent, conveyed to her in contemplation of death, was therefore proper.

[3] At the death of the decedent, $12,830.82 was on deposit in various banks in accounts entitled "Alexander Thompson and Mary E. Thompson." The Surrogate held that, inasmuch as the evidence did not show how much of the deposits belonged to the decedent and how much to his wife, it would be presumed one-half belonged to each. In reaching this conclusion we think he erred. Where money is deposited in this way by a husband, in the absence of evidence showing to the contrary, we think it must be held that he intended to create in the wife the right of survivorship. Sanford v. Sanford, 45 N. Y. 723; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9.

West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130, is directly in point. There, a husband changed a savings bank deposit from his own name to that of his wife and himself, and it was held, in the absence of evidence to the contrary, that the form in which the account was opened showed an intention on the part of the husband to create a right of survivorship in the wife, even though the husband never delivered the bank books and subsequently made withdrawals from the account. Judge Miller, who delivered the opinion, said:

"It may be that the husband's right to confer upon the wife this peculiar estate or interest—a right of survivorship only—simply by making a deposit or investment in their joint names, was an outgrowth of doctrines applicable to the status of husband and wife at common law; it was declared to rest upon the presumption that by doing that the husband intended to benefit the wife. As he could not thus benefit her during their joint lives, he having the right to reduce to possession even her own choses in action, it followed that he must have intended to give her the right of survivorship, and it was decided that he could do that without the formalities necessary for a gift inter vivos or causa mortis. A rule based on human experience, acted upon for many years in the light of judicial decisions, ought still to hold good. * * * In case a person deposits his own money in a savings bank in the name of himself and another, not his wife, the presumption is that it was done for purposes of convenience only. Matter of Bolin, 136 N. Y. 177 [32 N. E. 626]. But in the case of husband and wife the courts have said, and I think experience has shown, that the husband is presumed to have intended to benefit the wife to the extent at least of conferring upon her the right of survivorship."

It appeared that these accounts were opened several years before the decedent's death; that the wife deposited moneys therein, and had

control of such accounts equal to, if not in excess of, that of the decedent.

[4] Taking all the evidence bearing upon the subject, we think it clearly appears the decedent intended, if his wife survived him, that the funds standing in these accounts should pass to her as survivor. If this be true, then it follows that no part of the same was subject to a transfer tax. The transaction was complete in each instance when the money was deposited in their joint names, and did not, therefore, constitute a gift intended to take effect at or after the death of the decedent.

[5] What has been said of the bank accounts is equally true of the bonds and mortgages which were executed by third parties to Alexander Thompson and Mary E. Thompson, his wife. These securities were executed at various times between 1905 and 1908, inclusive, and amounted to $38,900. There were also two mortgages aggregating $3,500, which were originally executed to the decedent individually and which, in 1905, he assigned to himself and wife. While the assignment was not recorded until after decedent's death, the mortgages were delivered to his wife during his lifetime and were in her possession at the time of his death. I am unable to see any essential difference between a husband making a deposit in the name of himself and wife and his taking securities in their joint names; in either case, in the absence of evidence to the contrary, it must be presumed a right of survivorship is created when the security is taken, which, upon the death of the husband, is not taxable.

The order appealed from, therefore, and the report of the appraiser, must be modified as indicated in this opinion, and, as modified, affirmed without costs to either party. Settle order on notice. All concur.