TAXATION ⊜〰866—TRANSFER TAX—PROPERTY SUBJECT—RIGHT OF SURVIVOR-
SHIP.
   Where property accumulated by the joint industry of decedent and his surviving wife had been converted into a bond, mortgage, and certificate of deposit, taken in the name of the husband and wife, a right of survivorship in the wife was thereby created, and hence the property was not subject to a transfer tax.
   [Ed. Note.—For other cases, see Taxation, Dec. Dig. ⊜〰866.]

In the matter of the estate of Ernest Keil, deceased. From an order fixing transfer tax, the executor appeals. Order reversed, and report remitted to appraiser.

Maurice B. Blumenthal, of New York City, for appellant.
John Boyle, Jr., of New York City, for respondent.

SCHULZ, S.   The executor of the last will and testament of the decedent appeals from an order fixing the tax upon the latter's estate, and urges two errors, alleged to have been made by the appraiser.

⊜〰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At the time of the death of the decedent there were in existence a bond secured by a mortgage on real estate made to the decedent "and Anna Keil, his wife," in the sum of $14,000, which, with interest to the date of death of the decedent, amounted to $14,245, and also a certificate of deposit, issued to the decedent and Anna Keil, the latter being the decedent's wife, for $1,000, which, with accrued interest, amounted to $1,114.24. The appraiser, in fixing the value of these two items for purposes of taxation, assessed them at their full face value. It is urged by the appellant that they should have been assessed at one-half of that amount, for the reason that they were the property of the decedent and Anna Keil, his wife, jointly.

The testimony shows that the decedent in or about the years 1876 or 1878 went into the delicatessen business on Forty-Sixth street, New York City, and that he began with practically no money, other than a few dollars which he borrowed; that both decedent and his wife worked in the business, and its earnings were due to the efforts of both; that after some years with the money thus realized the husband and wife purchased the real property where the business was conducted and which they had theretofore rented; that subsequently, when the property was sold, a mortgage in the sum of $15,000 was taken back by the decedent and his wife. This mortgage was later paid off, and the money thus received, to the amount of $14,000, was invested on the bond and mortgage which is now the subject of consideration. The other $1,000, the appellant urges, is the amount evidenced by the certificate of deposit above referred to; but as to this I find no evidence in the record.

The original source of the money now reflected in the bond and mortgage and in the certificate of deposit, however, was the delicatessen business on Forty-Sixth street. It appears that the decedent handled the money, collected the interest, made bank deposits, etc.; but when he bought the real estate on Forty-Sixth street with this money, and subsequently invested the proceeds of this real estate, he made such investments in his own name and that of his wife. Under the authority of Matter of Thompson, 167 App. Div. 356, 153 N. Y. Supp. 164, the fact that the bond, mortgage, and certificate of deposit were taken in the names of the husband and wife, in the absence of evidence to the contrary, shows an intention to create in the wife the right of survivorship, and, this being so, it follows that no part of the same was subject to a transfer tax—citing Sanford v. Sanford, 45 N. Y. 723; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9; West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, affirmed 194 N. Y. 518, 87 N. E. 1130. See, also, Matter of Dalsimer, 167 App. Div. 365, 153 N. Y. Supp. 58; Matter of Tilley, 166 App. Div. 240, 151 N. Y. Supp. 79, affirmed 215 N. Y. 702, 109 N. E. 1094. No evidence appears which in my opinion would warrant me in finding that the decedent had a different intent. On the contrary, from the evidence submitted, I reach the conclusion that the money which is now invested on bond and mortgage, and that which is evidenced by the certificate of deposit, having had its source in the joint efforts of the husband and wife, the decedent intended,

when he made the investments stated, to create in his wife a right of survivorship.

It follows that neither the bond and mortgage nor the certificate of deposit is liable to any tax. Even if there had been no evidence at all as to the sources from which the money came which is now reflected in these securities, I feel that under the form of investments and under the law as enunciated in Matter of Thompson, supra, the same result would obtain.

The order appealed from is reversed, and the report is remitted to the appraiser for correction as indicated.

Order reversed, and report remitted to appraiser.