Matter of the Estate of DAVID LYDIG, Deceased.

(Surrogate's Court, New York County, October, 1920.)

Tax — situs of personal property — joint account with foreign bank — one-half subject to transfer tax — Tax Law, § 220(7).

> The legal *situs* of foreign debts, securities and other personalty, is the last domicile of the owner. (P. 264.)
> In 1912, an account which decedent had opened in 1890, in his own name in a national bank in another state, was changed into a joint account with his wife, and in 1917 decedent died a resident of the state of New York. *Held,* that under section 220(7) of the Tax Law one-half of the joint account was subject to a transfer tax; the record not disclosing that it was other than a gift to the wife, it must be construed as donative in character.

APPEAL from an order fixing transfer tax.

Daly, Hoyt & Mason, for petitioners.

Lafayette B. Gleason, for state comptroller.

FOLEY, S.   This is an appeal by the executors from the order fixing transfer tax on the ground that the appraiser has included among the taxable assets one-half of a joint account in the Lenox National Bank of Massachusetts in the names of decedent and his wife. It was opened in 1890 by David Lydig, the husband, and in 1912 was changed into a joint account with Mrs. Lydig.  The former died October 24, 1917, a resident of this state.

The appraiser's report was proper under section 220, subdivision 7, of the Tax Law, as construed in *Matter of McKelway*, 221 N. Y. 15.  Under that authority joint accounts, created prior to the enactment of this subdivision in 1915, where the death occurred subsequent to its enactment, are taxable to the extent of one-half the deposit.  The executors contend, however, that this matter is distinguishable from *Matter of McKelway, supra,* because the law and the decisions of Massachusetts regard the ownership as complete in each party upon the making of the deposit, and recognize no devolution or succession, taking effect upon the death of a joint owner.  I can see no difference between a joint deposit made in the state of New York and those made elsewhere.  There is no question of comity or conflict of laws.  The legal situs of foreign debts, securities and other personalty is the last domicile of the owner.  The decedent was a resident of this state and the transfer of his property, wherever situated, is taxable under the rules laid down by our courts.  *Matter of Swift,* 137 N. Y. 77; *Matter of James,* 144 id. 6, 12; *Matter of Dingman,* 66 App. Div.

228; *Matter of Fearing,* 200 N. Y. 340; *Matter of Merriam,* 141 id. 479. The tax is not assessed upon the deposit in the foreign state. What is taxed under that subdivision is the accrual of the right to the joint property by the survivor. Previous to death, either party had the right to withdraw any or all of the funds. The beneficial interest therefore arising by survivorship is a property right completed only on death and is to be deemed, for taxing purposes, to be a transfer resulting from the death of a resident of this state. *Matter of McKelway, supra.*

The authorities cited by the executors in support of their contention are *Attorney-General* v. *Clark,* 222 Mass. 291, and *Chippendale* v. *North Adams Savings Bank,* 222 id. 499.

A careful examination of these cases convinces me that they are not applicable to the present estate. Nor is the law of Massachusetts different from that of New York. In *Attorney-General* v. *Clark* the court held that an interest in a joint account was not taxable under the then existing law of Massachusetts, because the survivor took under the agreement of deposit and not under the taxing statute which applied to transfers *under laws regulating intestate succession.* The court construed that phrase as meaning laws relating to the descent and distribution of intestate estates and held that it did not include succession of property which passed under the rules of the common law. In the second authority cited, *Chippendale* v. *North Adams Savings Bank,* where the original depositor transferred his bank account to himself and another as joint owners with the right of withdrawal by either, and a provision for the payment to the survivor, the court held that the gift was completed when the account was opened and did not take effect when the donor died. These decisions, however, are not differ-

ent in any particular from the decisions in New York previous to the amendment of 1915, particularly *Matter of Tilley,* 166 App. Div. 240; affd., 215 N. Y. 702; *Matter of Thompson,* 167 App. Div. 356; affd., 217 N. Y. 609, and *Matter of Dalsimer,* 167 App. Div. 365; affd., 217 N. Y. 608. In *Matter of Tilley* the court, however, suggested that the legislature had the power to tax, by a proper amendment, the right of the survivor to the whole fund, and as a result (by Laws of 1915, chap. 664) subdivision 7 of section 220 was added to the Tax Law. Massachusetts, too, in 1916, evidently as a result of its own decisions cited above, amended its tax law similarly by chapter 268 of the General Acts of 1916, providing that " all property * * * which shall pass by will or by deed, grant or gift * * * and any beneficial interest therein *which shall arise or accrue by survivorship in any form of joint ownership in which the decedent joint owner contributed during his life any part of the property held in such joint ownership,* * * * shall be subject to a tax."  Although not applicable to the present estate, it is significant that under this statute the succession to the joint property which *accrues* by survivorship is subject to taxation. This same bank account, therefore, would be taxable if the decedent had been a resident of Massachusetts. Following *Matter of McKelway, supra,* various decisions have upheld the right of this state to tax joint deposits. *Matter of Moebus,* 178 App. Div. 709, 711; *Matter of Horler,* 180 id. 608, 613; *Matter of Dolbeer,* 226 N. Y. 623. The opinion of Mr. Justice Shearn in *Matter of Horler, supra,* clearly distinguishes the previous decisions in *Matter of Dalsimer* and *Matter of Tilley.* The very purpose of the section of the Tax Law quoted above would be defeated if it were possible for residents of New York to secure exemption from taxes by open-

ing joint bank accounts in other states.  As the account was originally carried in the name of David Lydig, and the record does not disclose that it was otherwise than a gift to Mrs. Lydig, it must be construed as donative in character under *Matter of Dolbeer, supra.*

The report of the appraiser is correct and the order fixing tax will be affirmed.

Order affirmed.