JOHN R. FOOTE and ANDREW J. FOOTE, Appellants, v. CARRIE ADAMS and Others, Defendants. HAROLD B. FOREMAN and Others, Appellants, and TOWN OF HEMPSTEAD and TOWN OF OYSTER BAY, Respondents; CHARLES H. FABENS, Purchaser, Appellant. (Appeal No. 1.) — Order of the County Court of Nassau county vacating and setting aside judgment, setting aside and disapproving referee's report and canceling referee's deed, in so far as appealed from, affirmed, with ten dollars costs and disbursements to respondent Town of Hempstead. No opinion. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur.

JOHN R. FOOTE and ANDREW J. FOOTE, Plaintiffs, v. CARRIE ADAMS and Others, Defendants. TOWN OF HEMPSTEAD and TOWN OF OYSTER BAY, Respondents; CHARLES H. FABENS, Purchaser, Appellant. (Appeal No. 2. Action No. 2.)— Order of the County Court of Nassau county directing examination of Charles H. Fabens, purchaser, appellant, affirmed, with ten dollars costs and disbursements. Examination to proceed on ten days' notice. No opinion. Lazansky, P. J., Hagarty, Seeger, Carswell and Scudder, JJ., concur.

FREDEL CONSTRUCTION CO., INC., Respondent, v. PETER F. SCHMITT, Appellant. GAYNOR & ROSENBLUM, INC., and Others, Respondents, and HARRY GOLDFEIN, Defendant.— Judgment and amended judgment reversed upon the law and the facts and new trial granted, costs to abide the event. The findings are against the weight of the evidence. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

GOTHAM CONSTRUCTION CORPORATION, Respondent, Appellant, v. THE CITY OF NEW YORK, Appellant, Respondent.— Order granting plaintiff's motion to examine records affirmed, with ten dollars costs and disbursements to plaintiff. While it would seem that these records were public records and no order was necessary for their examination, defendant's refusal to allow plaintiff to examine them warrants the order made. Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ., concur.

WILLIAM D. HOWATT, Respondent, v. RUTH C. BOYLE, Appellant.— Order denying defendant's motion to consolidate actions reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. We are of opinion that the interests of substantial justice require that the two cases be tried together. Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ., concur.

In the Matter of the Petition of LEONARD WHITE to Render and Settle His Account as Executor of ELIZA BURRY, Deceased. LEONARD WHITE, Appellant; HARRIETTE WHITE and Others, Respondents.— Decree of the Surrogate's Court of Kings county reversed upon the law and the facts, with costs to appellant, payable out of the estate, and decree directed to be entered in accordance with the account as filed by appellant. Appellant, as executor, filed in the Surrogate's Court a voluntary accounting from which it appeared that appellant and his testatrix were joint depositors in three savings banks under which the survivor was, on the death of the other, entitled to the balance. There being no evidence of fraud or undue influence on the part of appellant in the making of the deposits, appellant, as executor, cannot be surcharged with the balance of the deposits. His rights to such deposits vested in him at the time the accounts were created. (*Matter of Tilley*, 166 App. Div. 240, 242; Banking Law, § 249, subd. 3.) Rich, Hagarty, Carswell and Scudder, JJ., concur; Lazansky, P. J., in result.