NO. 07-03-0325-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 18, 2003


______________________________



CHRISTOPHER EVAN HEFNER,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 8938; HON. WILLIAM D. SMITH, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant Christopher Evan Hefner, by and through his attorney, has filed a motion
to dismiss this appeal because he no longer desires to prosecute it. Without passing on
the merits of the case, we grant the motion to dismiss pursuant to Texas Rule of Appellate
Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed the appeal at appellant's
request, no motion for rehearing will be entertained, and our mandate will issue forthwith.

 Brian Quinn

 Justice

Do not publish.



e: 12pt;
 font-weight: normal;
 font-style: normal;
 font-variant: normal;
 text-align: left;
 text-decoration: none;
 color: black;
 vertical-align: middle;
 text-indent: 0in
}

body
{
 font-family: "Arial", sans-serif;
 font-size: 12pt;
 font-weight: normal;
 font-style: normal
}





NO. 07-07-0113-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 12, 2008
______________________________

In the Matter of the Marriage of PATRICIA L.
SMITH and STANLEY K. SMITH 
_________________________________

FROM THE COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 56,306-L2; HON. RONALD WALKER, JR., PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.



          The dispute before us concerns the division of the net proceeds arising from the
sale of a ranch in Arizona which ranch was acquired during the marriage of Stanley and
Patricia Smith. According to Stanley, the trial court erred in dividing them as it did because
it effectively divested him of his separate property. We affirm.



Background
          Stanley and Patricia were married on May 10, 1997. Prior to marriage, they
executed a pre-nuptial agreement. However, both signatories anticipated the possibility
that “they may, as a matter of convenience, designate some of their property as marital or
joint property.” Consequently, a provision was included in the document specifying that
“[o]nly property which is titled to the parties in both of their names shall be considered as
marital property . . . [and] such marital property shall not be subject to the terms and
conditions of this agreement.” 
Discussion
           Stanley argues that the trial court erred in dividing the property in question because
it did not abide by the pre-nuptial agreement. We disagree. 
          As previously mentioned, Stanley and Patricia specified, in their agreement, that
“only property which is titled to the parties in both of their names shall be considered as
marital property” and such “property shall not be subject to the terms and condition of” their
agreement. In other words, their agreement did not encompass property titled in both their
names. And, because the title to the ranch was placed in both their names as “joint
tenants with the right of survivorship,” acquisition and ownership of the ranch fell outside
the scope of the premarital accord, as did distribution of the sale proceeds.
          Next, when one spouse uses separate property to acquire realty and title to that
realty is placed in the name of both spouses, it is presumed that the former intended to gift
an interest in the property to the latter. Cockerham v. Cockerham, 527 S.W.2d 162, 168
(Tex. 1975); In re Marriage of Morris, 12 S.W.3d 877, 881 (Tex. App.–Texarkana 2000, no
pet.); In re Thurmond, 888 S.W.2d 269, 273 (Tex. App.–Amarillo1994, pet. denied). And,
while this presumption may be subject to rebuttal, Cockerham, 527 S.W.2d at 168; Bahr
v. Kohr, 980 S.W.2d 723, 727 (Tex. App.–San Antonio 1998, no pet.), that is not true in all
cases. For instance, when the writing (or deed in this case) was intended to be a
completed memorial of a legal transaction, parol evidence cannot be admitted to alter that
intent. Bahr v. Kohr, 980 S.W.2d at 727; Massey v. Massey, 807 S.W.2d 391, 405 (Tex.
App–Houston [1st Dist.] 1991, writ denied). Nor may a spouse use parol evidence to
contradict express recitals in a deed without first tendering evidence of fraud, accident, or
mistake. Henry S. Miller Co. v. Evans, 452 S.W.2d 426, 431 (Tex. 1970); Johnson v.
Driver, 198 S.W.3d 359, 363-64 (Tex. App.–Tyler 2006, no pet.); Massey v. Massey, 807
S.W.2d at 405. 
          There are no issues of fraud, mistake, or accident before us. Rather, we have a
writing that did much more than simply designate Stanley and Patricia as grantees.


 The
language actually utilized (that is, joint tenancy with right of survivorship) is a term of art
creating a specific legal relationship between them. They took care to avoid leading
anyone to believe that it was something else given the additional references specifying that
they did not want to hold the land as tenants in common or as beneficiaries of a community
property estate. Moreover, the rights of each party arising from that legal relationship
became absolute and fixed upon execution of the deed. Calvert v. Wallrath, 457 S.W.2d
376, 376-79 (Tex. 1970) citing In re Tilley’s Estate, 166 App. Div. 240, 151 N.Y.S. 79, 80-81 (1915) aff’d, 215 N.Y. 620, 109 N.E. 1094 (1915). In other words, the parties
incorporated an unambiguous term of art into the deed, which term wrought a specific end. 
Allowing Stanley to introduce the evidence he wanted to introduce would have been
tantamount to granting him the opportunity to contradict the legal relationship specifically
stated in and created by the deed. So, in keeping with the rule of law described in Henry
S. Miller, Bahr, and Massey, the trial court had no choice but to exclude the testimony
proffered by Stanley as a violation of the parol evidence rule.
          Accordingly, we affirm the judgment of the trial court.
 
                                                                           Per Curiam