NO. 07-07-0113-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 12, 2008
_____

In the Matter of the Marriage of PATRICIA L.
SMITH and STANLEY K. SMITH
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 56,306-L2; HON. RONALD WALKER, JR., PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

The dispute before us concerns the division of the net proceeds arising from the sale of a ranch in Arizona which ranch was acquired during the marriage of Stanley and Patricia Smith. According to Stanley, the trial court erred in dividing them as it did because it effectively divested him of his separate property. We affirm.[2]

*Background*

Stanley and Patricia were married on May 10, 1997. Prior to marriage, they executed a pre-nuptial agreement. However, both signatories anticipated the possibility

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon 2005).

[2]Though one would think that Arizona law would apply to the transaction and the interpretation of the deed given its place of origin and the property's location, the parties stipulated to the use of Texas law instead. Given this unique scenario, we restrict the outcome of the case to the specific circumstances before us.

that "they may, as a matter of convenience, designate some of their property as marital or joint property." Consequently, a provision was included in the document specifying that "[o]nly property which is titled to the parties in both of their names shall be considered as marital property . . . [and] such marital property shall not be subject to the terms and conditions of this agreement."

### Discussion

Stanley argues that the trial court erred in dividing the property in question because it did not abide by the pre-nuptial agreement. We disagree.

As previously mentioned, Stanley and Patricia specified, in their agreement, that "only property which is titled to the parties in both of their names shall be considered as marital property" and such "property shall not be subject to the terms and condition of" their agreement. In other words, their agreement did not encompass property titled in both their names. And, because the title to the ranch was placed in both their names as "joint tenants with the right of survivorship," acquisition and ownership of the ranch fell outside the scope of the premarital accord, as did distribution of the sale proceeds.

Next, when one spouse uses separate property to acquire realty and title to that realty is placed in the name of both spouses, it is presumed that the former intended to gift an interest in the property to the latter. *Cockerham v. Cockerham*, 527 S.W.2d 162, 168 (Tex. 1975); *In re Marriage of Morris*, 12 S.W.3d 877, 881 (Tex. App.–Texarkana 2000, no pet.); *In re Thurmond*, 888 S.W.2d 269, 273 (Tex. App.–Amarillo1994, pet. denied). And, while this presumption may be subject to rebuttal, *Cockerham*, 527 S.W.2d at 168; *Bahr v. Kohr*, 980 S.W.2d 723, 727 (Tex. App.–San Antonio 1998, no pet.), that is not true in all

2

cases. For instance, when the writing (or deed in this case) was intended to be a completed memorial of a legal transaction, parol evidence cannot be admitted to alter that intent. *Bahr v. Kohr*, 980 S.W.2d at 727; *Massey v. Massey*, 807 S.W.2d 391, 405 (Tex. App–Houston [1ˢᵗ Dist.] 1991, writ denied). Nor may a spouse use parol evidence to contradict express recitals in a deed without first tendering evidence of fraud, accident, or mistake. *Henry S. Miller Co. v. Evans*, 452 S.W.2d 426, 431 (Tex. 1970); *Johnson v. Driver*, 198 S.W.3d 359, 363-64 (Tex. App.–Tyler 2006, no pet.); *Massey v. Massey*, 807 S.W.2d at 405.

There are no issues of fraud, mistake, or accident before us. Rather, we have a writing that did much more than simply designate Stanley and Patricia as grantees.[3] The language actually utilized (that is, joint tenancy with right of survivorship) is a term of art creating a specific legal relationship between them. They took care to avoid leading anyone to believe that it was something else given the additional references specifying that they did not want to hold the land as tenants in common or as beneficiaries of a community property estate. Moreover, the rights of each party arising from that legal relationship became absolute and fixed upon execution of the deed. *Calvert v. Wallrath*, 457 S.W.2d 376, 376-79 (Tex. 1970) *citing In re Tilley's Estate*, 166 App. Div. 240, 151 N.Y.S. 79, 80-81 (1915) *aff'd*, 215 N.Y. 620, 109 N.E. 1094 (1915). In other words, the parties incorporated an unambiguous term of art into the deed, which term wrought a specific end. Allowing Stanley to introduce the evidence he wanted to introduce would have been

---

[3]Stanley and Patricia signed the deed by which they acquired the property. The deed contains this language: "The grantees by signing the acceptance below evidence their intention to acquire said premises as joint tenants with the right of survivorship, and not as community property or as tenants in common."

tantamount to granting him the opportunity to contradict the legal relationship specifically stated in and created by the deed. So, in keeping with the rule of law described in *Henry S. Miller*, *Bahr*, and *Massey*, the trial court had no choice but to exclude the testimony proffered by Stanley as a violation of the parol evidence rule.

Accordingly, we affirm the judgment of the trial court.


Per Curiam